

# Case No. 25-20264

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Valerie Prevost,

Plaintiff - Appellant

v.

City of Houston, Legal Department, Labor and Employment,

Defendant - Appellee

## On Appeal from
**United States District Court for the Southern District of Houston Division**

District Court Case Number: 4:23-CV-04115 Date of Judgment Appealed:

06/20/2025, Date Notice of Appeal Filed: *06/26/2025*.

## BRIEF OF APPELLANT VALERIE PREVOST

SUBMITTED BY:

S/Valerie Prevost

Plaintiff Valerie Prevost, Pro Se
13538 Forest Gully

# Case No. 25-20264

Houston, Texas 77067
Phone: 832.297.9379
Email: vprevost1@yahoo.com
Attorney for Plaintiff-Appellant Pro Se

# Case No. 25-20264

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of 5th CIR Rule 28.2.1, have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
| --- | --- |
| City of Houston | Donald Hightower of the City of Houston, Houston, TX |
| City of Houston | Samantha Cobb of City of Houston, Houston, TX |

| Appellants: | Counsel for Appellants: |
| --- | --- |
| Valerie Prevost | Valerie Prevost, Prose Houston, TX |

| Other Interested Parties: | Counsel for Interested Parties: |
| --- | --- |
| Derrick Jackson -Husband-Caregiver | Interested Person, Prose for Self, Houston, Texas |
| | |
| | |

<u>S/Valerie Prevost</u>
Attorney(Prose) of record for

*A Certificate of Interested Persons is required by 5th CIR. R. 28.2.1.*

iii

# Case No. 25-20264

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Rule as required by the 5th CIR. R. 28.2.3. See also FED. R. APP. P. 34(a)(1). .0f the Federal Rules of Appellate Procedure, Appellant respectfully requests oral argument.

Oral argument resolving complex legal and factual issues, including the district court's error in denying Appellant standing and in failing to recognize claims arising under the Due Process Clause of the Fourteenth Amendment, Title I of the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, and federal protections against age and religious discrimination, including harassment and retaliation.

## TABLE OF CONTENTS

Contents                                                                 Page(s)

CERTIFICATE OF INTERESTED PERSONS ................................................... iiii

iv

# Case No. 25-20264

STATEMENT REGARDING ORAL ARGUMENT ...............................................iv

TABLE OF CONTENTS ......................................................................................iv4

TABLE OF AUTHORITIES……………………………………………………..6-9

JURISDICTIONAL STATEMENT ........................................................................9

STATEMENT OF THE ISSUES ..........................................................................10

STATEMENT OF AND GROUNDS FOR APPEAL………………..……12-33.

JURISDICTIONAL INTEGRITY……………………………………….33-34

STATEMENT OF THE CASE ............................................................................32

STATEMENT OF MATERIAL FACT……………………………….....36-58

SUMMARY OF THE ARGUMENT ..................................................................55

ARGUMENT ......................................................................................................57

CONCLUSION AND RELIEF REQUEST .......................................................63

CERTIFICATE OF SERVICE...........................................................................66

CERTIFICATE OF COMPLIANCE .................................................................68

*A table of Contents is required by FED. R. APP. P. 28(a)(2).*

# Case No. 25-20264

## TABLE OF AUTHORITIES

**Cases**

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...............................................12,15
- *Wallace v. County of Stanislaus* (Cal. Ct. App., 2016) ..................................................... 15
- *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) ...............................................................14
  *Goldberg v. Kelly*, 397 U.S. 254 (1970) ...........................................................................26.
- Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) ........................... 24
- Matsushita Elec.Indus. Co. v. Zenith Radio Corp.,475 U.S. 574 (1986).26
- Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) ................... 26
- Goldberg v. Kelly, 397 U.S. 254 (1970) ............................................. 27
- McClelland v. Astrue, 606 F. Supp. 2d 1327 (D. Kan. 2009) ..........27, 30
- Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988) ... 28
- United States v. Nixon, 418 U.S. 683 (1974) ................................ 29, 32
- Haines v. Kerner, 404 U.S. 519 (1972) ............................................. 29
- Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015) ............................. 30
- United States v. Rivera–Guerrero, 377 F.3d 1064 (9th Cir. 2004) .... 30
- Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002) .............................. 30
- *Tolan v. Cotton*, 572 U.S. 650 (2014) ......................................................................... 12
- Tate v. Short, 401 U.S. 395 (1971) ......................................................................... 16
- EEOC v. Sears, Roebuck & Co., 417 F.3d 789 (7th Cir. 2005) ................................. 17
- M.L.B. v. S.L.J., 519 U.S. 102 (1996) ......................................................................... 17

# Case No. 25-20264

- Giles v. General Electric Co., 245 F.3d 474 (5th Cir. 2001) ..................................... 17

- Wright v. Arkansas ................................................................................................. 18

- McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) ............................... 19

- Toyota Motor Mfg., (U.S. Supreme Court) ...................................................... 20

- Tolan v. Cotton, 572 U.S. 650 (2014) ……..................................................... 20

- Reeves v. Sanderson Plumbing Products, Inc.,530 U.S. 133 (2000)…………24,49

- Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) ........................................ 24

- Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)…..26,63

- Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982) ............................... 26

- Goldberg v. Kelly, 397 U.S. 254 (1970) ...................................................... 27, 63

- McClelland v. Astrue, 606 F. Supp. 2d 1327 (D. Kan. 2009) ..................... 27, 30

- Liljeberg v. Health Services Acquisition Corp.,486 U.S. 847 (1988)……….28,63

- United States v. Nixon, 418 U.S. 683 (1974) .............................................. 29, 32

- Haines v. Kerner, 404 U.S. 519 (1972) ........................................................... 29

- Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015) ...................................... 30

- United States v. Rivera–Guerrero, 377 F.3d 1064 (9th Cir. 2004) …………... 30

- Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002) .......................................... 30

- Fraternal Order of Police v. City of Newark,170 F.3d 359 (3rd Cir. 1999) ..… 53

- Tucker v. California Department of Education, 97 F.3d 1204 (9th Cir. 1996) ....53

- Sherbert v. Verner, 374 U.S. 398 (1963) ....................................................... 55

- Masterpiece Cakeshop v. Colorado Civil Rights Commission,138 S. Ct. 1719 (2018)  55

- Trinity Lutheran Church v. Comer, 582 U.S. 449 (2017) ............................... 55

- Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001) ................. 62, 66

- ## Statutes & Constitutional Provisions

- Americans with Disabilities Act (ADA), Title I .................................... 20, 23, 56

# Case No. 25-20264

- Age Discrimination in Employment Act (ADEA) ............................................. 20
- Title VII of the Civil Rights Act ................................................................. 20
- Texas Labor Code §§ 21.051, 21.055 ......................................................... 20
- Texas Tort Claims Act (TTCA) ................................................................. 21
- 42 U.S.C. § 2000e-5(b) ........................................................................... 26
- 28 U.S.C. § 455(a) ............................................................................ 28, 63
- 18 U.S.C. §§ 1503, 1504, 1505, 1512, 1512(c), 1519 ................................. 25, 31, 63
- First Amendment to the U.S. Constitution ..................................................... 55
- Americans with Disabilities Act (ADA), Title I ..................... 20, 23, 56
- Age Discrimination in Employment Act (ADEA) ............................. 20
- Title VII of the Civil Rights Act ...................................................... 20
- Texas Labor Code §§ 21.051, 21.055 ............................................. 20
- Texas Tort Claims Act (TTCA) ....................................................... 21
- 42 U.S.C. § 2000e-5(b) .................................................................. 26
- 28 U.S.C. § 455(a) ..................................................................... 28, 63
- 18 U.S.C. §§ 1503, 1504, 1505, 1512, 1512(c), 1519 ......... 25, 31, 63
- First Amendment to the U.S. Constitution ............................. 55

## Agencies / Historical References

- Occupational Safety and Health Administration (OSHA) ........ 42, 59
- The Judiciary Act of 1789 ........................................................ 32
- Harrison Parker (Self-representation, Supreme Court, 1948) .... 32

- 
- U.S. Const. amend. V ................................................................................. 4
- U.S. Const. amend. XIV ..............................................................................4

## Rules

# Case No. 25-20264

- Federal Rule of Civil Procedure 56(a) ......................................... 18
- . Fed. R. Civ. P. 37 ................................................................ 11,14,15.34

*Table of Authorities as required by FED. R. APP. P. 28(a)(3). As you complete the brief, the table of authorities will have to be updated.*

## JURISDICTIONAL STATEMENT

**Appeal No. 2520264, stemming from U.S. District Court docket 4:23-cv-04115,**

The United States District Court has jurisdiction under 28 U.S.C. § 1331 due to the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. The case also involves Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e), specifically concerning religious discrimination against the Christian faith. Jurisdiction is established by 42 U.S.C. § 2000e-5, with review under 28 U.S.C. § 1291 following the final judgment on June 20, 2025. The Plaintiff-Appellant filed a timely appeal on June 26, 2025, regarding the summary judgment in favor of the Defendant-Appellee (Dkt. 135). Plaintiff-Appellant filed a summary judgment on February 06, 2025 (Dkt 82)

The U.S. Court of Appeals for the Fifth Circuit has appellate jurisdiction under 28 U.S.C. § 1291, which provides for a review of the final decisions of the district courts. This appeal also challenges the district court's denial of sanctions and default

# Case No. 25-20264

judgment under Federal Rule of Civil Procedure 37, arising from repeated discovery violations. This appeal is from a final order that disposed of all claims as to all parties. *Jurisdictional Statement as required by FED. R. APP. P. 28(a)(4)(A) through*

---

## STATEMENT OF THE ISSUES

**(a)** The District Court erred in granting summary judgment when Plaintiff presented substantial evidence of disability discrimination, retaliation, and unsafe working conditions.

**(b)** The District Court improperly did not structure Plaintiff's case under ADA Title I, ignoring relevant claims under ADA Title V, the Rehabilitation Act, and 42 U.S.C. § 1983. Age Discrimination in Employment Act (ADEA) of 1967, Title VII of the Civil Rights Act of 1964. But solely on the defendant's City of Houston's groundless claims.

**(c)** The court failed to apply the correct summary judgment standard, especially as applied to a **pro se disabled litigant.**

**(d)** The court erred by relying on a magistrate judge's recommendation only despite concerns over impartiality as a former attorney under contract with defendant City of Houston and Plaintiff's non-consent under 28 U.S.C. § 636(c).

---

# Case No. 25-20264

***STATEMENT OF ERRORS AND GROUNDS FOR APPEAL**

Plaintiff Valerie Prevost ProSe-Appellant respectfully submits that the District Court committed multiple reversible legal and procedural errors that deprived Plaintiff of a fair adjudication. These errors are enumerated below as grounds for appeal:

COMES NOW the Plaintiff, **Valerie Prevost**, pro se, and pursuant to **Federal Rule of Appellate Procedure 10(b)(1)**, hereby designates the following documents and filings to be included in the **record on appeal** to the United States Court of Appeals for the Fifth Circuit:

1.  **1. Improper Grant of Summary Judgment Despite Genuine Disputes of Material Fact.**

The District Court erred in granting summary judgment in favor of Defendant City of Houston while denying Plaintiff Valerie Prevost concurrently filed motion for summary judgment on the same day as Defendant City of Houston on February 6, 2025, the existence of genuine issues of material fact regarding statements under the **Age Discrimination in Employment Act (ADEA)**, **Americans with Disabilities Act (ADA)**, ADA Title I, **Title VII of the Civil Rights Act**, and related retaliation provisions.   The District Court's grant of summary judgment in favor of Defendant violated the controlling standard set

# Case No. 25-20264

forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In *Anderson*, the Supreme Court held that summary judgment is inappropriate where a genuine dispute of material fact exists and the evidence is such that a reasonable jury could return a verdict for the non-moving party. Importantly, the Court clarified that, even at the summary judgment stage, the trial court must apply the same standard of proof that would govern at trial. Here, Plaintiff presented specific, evidence in support of claims under the ADEA, ADA Title, Title VII, and 42 U.S.C. § 1981. The District Court, however, improperly weighed the evidence and resolved credibility issues in favor of the Defendant, conduct explicitly disallowed under *Anderson v. Liberty Lobby, Inc*. Because the evidence, when viewed in the light Plaintiff Valerie Prevost most favorable to the Plaintiff, would allow a reasonable jury to find in the Plaintiff's favor, summary judgment was improperly granted to Defendant City of Houston and must be reversed. In this case, Plaintiff provides a genuine dispute of material facts that exist in all Plaintiff's evidence. The District Court failed to enforce Rule 37 against the City of Houston for repeated discovery violations. By not compelling production or issuing sanctions, the Court allowed the Defendant to obstruct access to key evidence, prejudicing the Plaintiff's case. Despite multiple motions from the

# Case No. 25-20264

Plaintiff, the Court did not take appropriate action as authorized under Rule 37(a), (b), and (d).

**The Word of the Lord God:** *Deuteronomy 1:17 states, "You shall not show partiality in judgment; you shall hear the small as well as the great; you shall not be afraid in any man's presence, for the judgment is God's." This verse emphasizes the importance of impartiality and integrity in judgment, reflecting God's concern for justice and equity.*

**Evidence:** City of Houston Office of the Inspector General confirmation, environment of discrimination OIG letter, witness employees' complaint form, witness affidavit, Mayor Whitmire statement to root out corruption, and need a stronger Inspector General, summary Judgment, Plaintiff evidence.

## 2. Failure to Enforce Sanctions, default judgment, for Discovery Violations (Fed. R. Civ. P. 37)

The Court failed to hold the City of Houston accountable for repeated discovery violations under *Fed. R. Civ. P. 37*, including withholding key documents and potential spoliation. Defendant City of Houston stopped Plaintiff's ability to develop and present case and violated the precedent in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), recognizing the court's inherent authority to impose sanctions for discovery abuse by the City of Houston. The court ordered the Plaintiff to provide all legal documents to the City of Houston Attorneys, Ms. Cobb, and Ms. Cohen. However, the Defendant, City of Houston, violated this court order by failing to comply with the subpoena under Discovery, as outlined in Federal Rule 37 of civil procedure. Additionally, the court did not hold the Defendant accountable for this violation. Why were the Courts trying so hard to protect the Defendant City of Houston with no legal grounds? The court's failure to sanction Defendant City

# Case No. 25-20264

of Houston for clear violations of the discovery rules under **Federal Rule of Civil Procedure 37** constitutes an abuse of discretion and suggests judicial favoritism.

The court's failure to act, despite the severity and willfulness of the misconduct, reflects favoritism and constitutes an abuse of discretion. The Courts were prejudiced by this failure, and relief in the form of sanctions or default judgment is both **justified and necessary** to protect the integrity of the judicial process.

**Word of the Lord God:**

*Deuteronomy 16:18 (NKJV) states: "You shall appoint judges and officers in all your gates, which the Lord your God gives you, according to your tribes, and they shall judge the people with just judgment." This verse emphasizes the importance of appointing judges and officials to ensure justice and fairness in governance.*

*b.* **Leviticus 19:15 (NKJV):** *You shall do no injustice in judgment. You shall not be partial to the poor, nor honor the person of the mighty. In righteousness you shall judge your neighbor.*

**Evidence:** motion for compelling, motion for protective order, subpoenas

---

## 3. Summary Judgment Granted Without Competent Evidentiary Basis

The District Court erred by improperly accepted conclusory and unsupported assertions by Defendant City of Houston as evidence, failing to require a proper evidentiary showing under *Wallace v. County of Stanislaus* (Cal. Ct. App., 2016) Key factual disputes were ignored, sworn affidavits, medical reports, Deposition

14

# Case No. 25-20264

excerpts meeting Rule 56 standards, and authenticated documents, *Wallace v. County of Stanislaus* (Cal. Ct. App., 2016) Plaintiff issued a subpoena to the City of Houston under the magistrate's protective order, requesting all relevant legal information be excepted only by Defendant City of Houston Legal attorneys Ms. Marjorie Cohen and Samantha Cobb; both attorneys violated the Court order by not excepting the legal documents from Plaintiff Valerie Prevost. Additionally, the judge in her ruling statement, the Court order stated that Plaintiff asked for indoor cameras, dismissed Plaintiff's motion for compelling and Plaintiff in her compelling request for cameras from Defendant City of Houston on the outside. If the judge had read the plaintiff's motion to compel, she would have clearly seen that the Plaintiff's request was for camera footage for the outside and not the inside because there are no cameras on the inside where the construction of the leaky roof and wet carpet were disabled, plaintiff's office was located. The Defendant City of Houston did not provide the requested outside camera footage, the name of the vendor that owns the cameras, documents and records, premises entries for inspection, the name of the administration associated with the plaintiff's email profile, documents regarding the deletion of Plaintiff's government files and emails, or answers to the interrogatories requested. The court ordered the Plaintiff not to file any motions; however, it did not impose the same restriction on the City of Houston on September 12,2024. As a

15

# Case No. 25-20264

result, the City of Houston filed a protective order on October 2,2024. This situation was biased, given that the Judge involved was a former attorney for the City of Houston under contract. *Tate v. Short, 401 U.S. 395 (1971): Equal protection is violated when laws or rulings treat similarly situated parties differently without justification. M.L.B. v. S.L.J., 519 U.S. 102 (1996): Courts cannot arbitrarily deny* access to judicial procedures without violating due process. Magistrate Judge Cristina A. Bryant made a decision, disregarding the Plaintiff's doctor's report and ruling on the tort for the amended complaint. The Judge is not a doctor, **EEOC v. Sears, Roebuck & Co.**, 417 F.3d 789 (7th Cir. 2005): Summary judgment was inappropriate where expert evidence could support disability and injuries. **Giles v. General Electric Co.**, 245 F.3d 474 (5th Cir. 2001): Courts must not "weigh evidence or make credibility determinations" at summary judgment. Court Failure **to consider key evidence**, **Improper credibility, or medical judgment at summary judgment**, **Exceeding judicial role.**

 The magistrate judge failed to hold the City of Houston accountable and did not provide the Inspector General. The plaintiff submitted strong evidence for summary judgment, yet the judge improperly excluded it without valid grounds. This raises concerns about judicial bias and legal error, as the judge disregarded sworn

16

# Case No. 25-20264

affidavits, medical reports, and authenticated documents, unjustly denying summary judgment despite uncontested evidence.

The Plaintiff timely and properly filed a Motion for Summary Judgment pursuant to **Federal Rule of Civil Procedure 56(a)**. The District Court **entirely failed to rule** on the Plaintiff's motion. This omission is a **clear procedural error** and **abuse of discretion**, as the court is obligated to rule on properly submitted motions and consider all relevant materials as a matter of law and material fact. violated Plaintiff's **Due Process rights**, and **prejudiced her case**, denying her equal access to the summary judgment process. Such an error is **reversible** under *Wright v. Arkansas, a* Constitutional violation with undisputed facts, no trial required. The court improperly credited the defendant's evidence they didn't have while ignoring contradictory evidence offered by the plaintiff.."

 **Word of the Lord: Revelation 21:8 (NKJV):**

*"But the cowardly, unbelieving, abominable, murderers, sexually immoral, sorcerers, idolaters, and all liars shall have their part in the lake which burns with fire and brimstone, which is the second death."*

**Evidence:**   Email, protective order, Plaintiff's motions, magistrate's orders and recommendation, pictures of the construction area for the disabled employee, and

# Case No. 25-20264

City policies. OIG letters, OIG employee complaint form, environment of discrimination, witness affidavit, and Doctor's confirmation of injuries,

**4. Misapplication of the Burden-Shifting Framework and Discrimination Statutes**

The District Court incorrectly applied the burden-shifting framework.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which governs employment discrimination claims under Title VII, ADEA, and ADA, and title I. The Court failed to assess if the Defendant's reasons for adverse actions were pretextual, neglecting the necessary third step of the analysis.

**Legal Standard – McDonnell Douglas Framework: **

1. **Prima Facie Case:** Plaintiff shows membership in protected classes, qualification for the position, and adverse actions suggesting discrimination.

2. **Legitimate Reason:** Defendant fails to provide a legitimate, non-discriminatory reason.

3. **Pretext:** Plaintiff demonstrates that the stated reason was merely pretext for discrimination. This is evident in the environment of the City of Houston Office of Emergency Management in 2020-2022 under Ms. Nickea Bradley and other managers. The District Court did not properly evaluate the pretext or allow the

# Case No. 25-20264

Plaintiff to rebut the Defendant's reasons, failing to conduct a complete McDonnell Douglas analysis.

## II. Failure to Liberally Construe Anti-Discrimination Statutes

The Court failed to broadly interpret Plaintiff's claims as required by federal and state laws. The U.S. Supreme Court in Toyota Motor Mfg. emphasized the need for broad interpretation under the ADA and other anti-discrimination laws. The Court improperly narrowed the Plaintiff's claims by ignoring relevant evidence and misconstruing claims of discrimination.

## III. Disregard of Applicable Statutes

The Court did not fully evaluate claims under key laws:  ADA (Title I) - ADEA- Title VII- Texas Labor Code, §§ 21.051, 21.055 The District Court failed to apply the correct standards, analyze evidence adequately, and view facts favorably for the non-moving party, constituting reversible error (see Tolan v. Cotton, 572 U.S. 650 (2014)). The District Court's misapplication of the McDonnell Douglas framework and its failure to liberally interpret Plaintiff's experience under federal and state anti-discrimination laws resulted in a denial of a fair adjudication. Plaintiff respectfully requests that this Court reverse the  Defendant City of Houston's summary judgment and grant Plaintiff summary Judgement with proper legal standards.

19

# Case No. 25-20264

 **Word of the Lord**: Deuteronomy 16:20"Justice, and only justice, you shall pursue, that you may live and inherit the land that the Lord your God is giving you."

---

**5. Failure to Consider Plaintiff's Evidence of Protected Class Discrimination**

Plaintiff presented substantial evidence of discrimination and retaliation based on age (63), disability, religion (Christian), and prior protected activity. The Court failed to consider this evidence holistically, in violation of standards set forth in *Reeves v. Sanderson Plumbing Products,*

**Plaintiff sued** under the ADA for: Disability discrimination; Failure to accommodate. Retaliation Personal Injury / Negligence (e.g., slip and fall on premises liability and negligence. The Defendant City of Houston (government) knew of a dangerous condition for a disabled Plaintiff employee condition 0n June 10, 2021, in the construction work area, and on October 08, 2021, by revoking gate access when already approved by the Defendant City of Houston, the Defendant City of Houston failed to accommodate. Texas have laws like the Texas Tort Claims Act (TTCA) that provide limited waivers of sovereign immunity — particularly,  for: Injuries caused by use of tangible personal property Injuries occurring on government property due to a dangerous condition the government knew about In Texas,  The City of Houston is liable for the harm caused to disabled plaintiff, Valerie Prevost, due to the unsafe conditions of the premises and was aware of the

# Case No. 25-20264

construction taking place in her office. Discriminatory actions by Deputy Director Bradley led to the assignment of Plaintiff Prevost to an unsafe office area, despite her being safe in her previous office. Deputy Director Bradley aimed to separate Plaintiff Prevost from her peers, and despite her request to be relocated back to her safe office, Bradley denied her. This action was not taken in good faith, as the (City) failed to take reasonable steps to mitigate the risk. Disable Plaintiff fell on June 10, 2021. Even after the fall, the Plaintiff was not moved, due to wet carpet from leaky roof. Related to disability discrimination, failure to provide by revoking accommodations, and personal injury caused by dangerous conditions on government property. Under Title I of the Americans with Disabilities Act (ADA), the City of Houston, as a covered public employer, is prohibited from discriminating against qualified individuals with disabilities. Failing to provide reasonable accommodation despite being aware of the Plaintiff's limitations and needs; and retaliating against the Plaintiff for engaging in protected activities under the ADA, including requesting accommodation and complaining about discrimination. In addition to the federal claims, there are claims for injuries resulting on public premises. The Plaintiff was subjected to an unreasonably dangerous condition on City-controlled property. Despite the Doctor's certification on file with the Defendant for 6 years, City officials, including one or more supervisors' decision-

21

# Case No. 25-20264

makers, such as "Bradley," had actual knowledge of both the dangerous condition and the Plaintiff's disability-related needs. As a direct result, the Plaintiff suffered physical injury, emotional distress, and economic loss. The Plaintiff respectfully submits that the Defendant's conduct constitutes a violation of federal civil rights law and actionable negligence under state law, entitling the Plaintiff to compensatory damages, injunctive relief, attorney's fees, and any other relief the Court deems just and proper. *Inc.*, 530 U.S. 133 (2000) and *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993).

**Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)**

**Outcome:** The Supreme Court ruled that if a plaintiff proves a prima facie case of discrimination and shows the employer's explanation is false, a factfinder may infer intentional discrimination. The Court stated that disbelieving the employer's explanation, combined with the prima facie case, can establish intentional discrimination.

**Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)**

Outcome: The Supreme Court held that a Title VII hostile work environment claim does not require proof of psychological injury. It is enough for the harassment to be objectively hostile or abusive, as perceived by a reasonable person and subjectively by the victim. The District Court's requirement for evidence of psychological harm

# Case No. 25-20264

was incorrect, leading to its judgment in a "close case." The Supreme Court reversed and remanded.

**The Word of the Lord God:** Proverbs 29:7 "The righteous care about justice for the poor, but the wicked have no such concern."

**Evidence:** emails, letters, Dr. reports, complaint forms from other employees, affidavit

## 6. Ignoring OIG Workplace Sabotage and Evidence Destruction

The Court disregarded Workplace Sabotage and Evidence of Destruction. Plaintiff provided supporting evidence documentation to the Southern District Court, Houston Division, that the official Plaintiff's government emails and Plaintiff's City documents were altered or deleted in retaliation for Plaintiff filing grievance. These potentially implicating *spoliation* and criminal statutes, including **18 U.S.C. §§ 1503, 1505, 1512(c), 1519**,

**Word of the lord: James 2:4** "*Have you not made distinctions among yourselves and become judges with evil thoughts?*"

**Evidence:** emails, letters to two mayors, City of Houston Cyber Chief, FBI email, Report to City of Houston information technology, report of administrator had full access to Plaintiff's profile, and response.

# Case No. 25-20264

**7. Failure to Consider Findings by the Office of Inspector General (OIG) for Discriminatory Environment.**

The Court disregarded relevant findings from the OIG substantiating claims of systemic Environmental discrimination from the City of Houston Deputy Director Nickea Bradley, an African American woman. In the area of Reverse Racism, Discrimination based on being White, Black, women, religions, and sincerely held Sexual Orientation Protects LGBTQ+ individuals/ Gender Identity. Age (40 or older) Applies only to employees/applicants aged 40+. Disability: Physical or mental impairments that substantially limit major life activities, based on protected characteristics.

**Word of the Lord God: Ecclesiastes 12:14** "For God will bring every deed into judgment, including every hidden thing, whether it is good or evil."

**Evidence: OIG employee complaint forms, employee affidavit, OIG**

**8. Improper Dismissal Despite Exhaustion of Administrative Remedies**

Plaintiff properly exhausted all administrative remedies through **Evidence:** emails to managers, letters to two mayors, HR reports, FBI email, Directors, Grievance meeting, Grievance committee, hearing report, etc., two mayors, City of Houston Cyber Chief, FBI email, Report to City of Houston information technology, report of administrator had full access to Plaintiff's profile. Nothing was done.

# Case No. 25-20264

**Word of Lord God:** *Isaiah 10:1-2 Woe to those who make unjust laws, to those who issue oppressive decrees, to deprive the poor of their rights and withhold justice from the oppressed of my people, making widows their prey and robbing the fatherless.*

## 9. Denial of Plaintiff's Due Process Rights

The handling of dispositive motions, the doctor's evidence exclusion of Plaintiff's evidence, and the acceptance of demonstrably false evidence from Defendant City of Houston violated Plaintiff's constitutional rights to **due process** under the **Fifth and Fourteenth Amendments**.

Reversal by the District Judge

- If a magistrate judge makes a legal error, ignores evidence, or shows bias, the district judge rejects their recommendations or reverses their rulings.
- This happens through Rule 72 objections or appeals.

**Example:** In *McClelland v. Astrue*, the district judge rejected the magistrate's ruling for ignoring medical evidence.

**Lord Gods Word:** *Isaiah 10:1–2 (AMPC) 1 Woe to those [judges] who issue unrighteous decrees, and to the magistrates who keep causing unjust and oppressive decisions to be recorded,2 To turn aside the needy from justice and to rob the poor of My people of their rights, so that widows may be their spoil and that they may make the fatherless their prey!*

**Evidence: Doctor reports, diagnosis for injuries,**

---

## 10. Judicial Bias and Failure of Magistrate to Recuse (28 U.S.C. § 455)

25

# Case No. 25-20264

Magistrate Judge Christina A. Bryan presided over this matter for approximately two years despite a prior judicial relationship with the same Defendant, City of Houston attorney At, under a contract with the City of Houston in a related case. This created a reasonable perception of bias, triggering mandatory recusal under *28 U.S.C. § 455(a)*. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). In proper communication ex parte communications, failure to disqualify, The Magistrate Judge ordered the Plaintiff not to file any motions before the status conference. However, there was no similar order issued for the City of Houston. As a result, the Defendant, City of Houston, was able to file a motion for a Protective Order to allow all legal documents to be submitted to Ms. Marjorie Cohen and Samantha Cobb during the status conference scheduled for October 2, 2024. City of Houston didn't follow the order and didn't accept the subpoena for discovery request, and the Court never ordered Defendant to submit to the court order. The court prevented the Plaintiff from filing motions at the Status Conference but allowed the Defendant to Ambush the Plaintiff. The Defendant never provided a Certificate of Service. The Plaintiff and Defendant were scheduled for Docket Call on July 17, 2025, at 1:30 p.m.to present evidence to District Judge Charles Eskridge III, However, one day before Docket Call on July 16, 2025, it was canceled. Why!

**Cases**

# Case No. 25-20264

**United States v. Nixon, 418 U.S. 683 (1974)**
**Topic:** Judicial duty to apply the law and follow precedents.

- **Holding:** The Supreme Court held that even the President is not above the law and must comply with judicial orders. **Relevance:** This case underscores that **no official, including judges**, ignore the law or binding precedent. Judicial decisions must be based on established legal principles and explained with proper reasoning.

"The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts…"

**Haines v. Kerner, 404 U.S. 519 (1972)**
**Topic:** Requirement to provide reasoning, especially when departing from standard legal procedures.

- **Holding:** The Court emphasized that even pro se filings must be considered liberally, and lower courts must **explain their decisions** clearly when dismissing claims. **Relevance:** Reinforces that judges must **provide clear, reasoned decisions**, especially when their rulings go against established standards or dismiss legal rights.

**Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015)**
- **Issue:** Magistrate judge's report was biased and one-sided, failing to consider the plaintiff's civil rights evidence.

# Case No. 25-20264

- **Outcome:** The district court adopted it, but the **Court of Appeals reversed**, citing unfairness and procedural failure.

---

**United States v. Rivera–Guerrero, 377 F.3d 1064 (9th Cir. 2004)**
- **Issue:** The Magistrate judge failed to notify the district judge about important medical evidence. **Outcome:** The appellate court ruled the district judge should have reviewed the issue de novo and remanded the case.

**McClelland v. Astrue, 606 F. Supp. 2d 1327 (D. Kan. 2009)**
- **Issue:** Plaintiff experienced the magistrate ignoring and misrepresenting medical evidence in a Social Security disability case. **Outcome:** The district court **overruled** the magistrate judge's recommendation and ruled in favor of the plaintiff.

**Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002)**
- **Issue:** A magistrate judge recommended summary judgment after the prose plaintiff didn't respond, but the evidence showed genuine disputes. The appellate court reversed the decision, stressing that district judges must independently evaluate the record, even if the magistrate overlooks issues. The district judge can reject or reverse a magistrate's recommendation if there are legal errors, ignored evidence, or bias. This is done via Rule 72 objections or appeals.

**Example:** In *McClelland v. Astrue*, the district judge rejected the magistrate's ruling for ignoring medical evidence.

# Case No. 25-20264

**Evidence: Recusal Doc 76, transcript status conference on October 2, 2024, transcript, September 12,2024.**

**11 Evidence of Docket Irregularities and Potential Tampering**

The plaintiff raised credible concerns of docket manipulation, potentially implicating statutes including **18 U.S.C. §§ 1503, 1504, 1505, 1512, and 1519**. The Court did not conduct an inquiry or allow discovery to assess this claim, despite Plaintiff's motions raising this serious issue of procedural integrity. **Evidence: Notice of investigation of Docket tampering to the US District Court, Houston Division, and the FBI.**

**13. Bias against Pro Se. Litigants**. Judge Christina A. Bryan promptly responded to the City of Houston but did not respond to Plaintiff Valerie Prevost, who represents herself as a.Pro Se litigant. I have noticed that judges and attorneys often respond more quickly to attorneys than to Pro Se litigants. This raises concerns about a culture of Pro Se shaming within the judicial system, where the focus should be on applying the laws fairly and with integrity. Was a ProSe in this country before attorneys? yes, people have represented themselves in court in the United States before attorneys: • **1789:** The Judiciary Act of 1789, signed by President Washington, allowed parties to represent themselves in court. **1948:** Harrison Parker represented himself in a Supreme Court case.

# Case No. 25-20264

## Cases

**. United States v. Nixon, 418 U.S. 683 (1974)**
**Topic:** Judicial duty to apply the law and follow precedents.

- **Holding:** The Supreme Court held that even the President is not above the law and must comply with judicial orders. **Relevance:** This case underscores that **no official, including judges**, may ignore the law or binding precedent. Judicial decisions must be based on established legal principles and explained with proper reasoning. "The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts…"

*Statement of Issues presented for review as required by FED. R. APP. P. 28(a)(5).*

---

## JURISDICTIONAL INTEGRITY

Statement of Errors and Grounds for Appeal. The court's duty to lawfully exercise its authority within the boundaries of proper legal procedures and impartial adjudication. **Equal Treatment Under the Law. Jurisdictional integrity** requires courts to treat all parties—**Pro Se or represented**—with impartiality. The court responded more favorably to the attorneys representing the Defendant, the City of Houston, despite the absence of evidence and legal support for their arguments. The court did not hold the Defendant accountable to any federal rules of civil procedure or the Court's order regarding the protective order and the

# Case No. 25-20264

defendant failed except the subpoena. Additionally, the court disregarded all motions submitted by the Plaintiff, Valerie Prevost, who addressed illegal issues by the judge and the Defendant. No one is above the law.

 Complex procedural and legal claims, including:

- Discovery abuse

- Judicial bias

- Due process violations

- Evidence suppression

- Failure to address a Pro Se litigant's rights.

- Laws


- FRCP **Rule 56** (summary judgment standards)

☐ Rule **37** (sanctions for discovery abuse)

**U.S.C. § 455** (judicial disqualification for bias)

**Jurisdictional integrity** is violated when a judge:

- Ignores motions.

- Allows one party to break rules (like discovery orders)

- Dismisses cases without addressing valid legal questions.

- The Defendant City of Houston had acknowledged that they would get summary judgment, ignoring all evidence, and the Plaintiff's Summary

31

# Case No. 25-20264

Judgment. The plaintiff was a ProSe and couldn't afford an attorney. Every American has the right as long as they follow the laws of the land.

## STATEMENT OF THE CASE

Plaintiff Valerie Prevost filed a lawsuit in October 2023 against the City of Houston, for employment discrimination. Her lawsuit includes discrimination and retaliation based on her experiences under the Americans with Disabilities Act of 2008 (ADA), Title I of the ADA, and Title VII of the Civil Rights Act of 1964, violation of the Age Discrimination in Employment Act (ADEA) due to her age (63 years) , religious discrimination based on her Christian faith. Jurisdiction for this case is established under Title 42 of the United States Code, Sections 2000e-1983. She represents herself and has applied to proceed in forma pauperis. The Plaintiff-Appellant, Plaintiff Valerie Prevost, ProSe, initiated a lawsuit in the U.S. Southern District Court, Houston Division. On February 6, 2025, the Plaintiff Valerie Prevost ProSe and Defendant submitted a motion for summary judgment (ECF 80 and 82).

Plaintiff Valerie Prevost firmly contends that the district court made a significant error in granting summary judgment to the City of Houston, arguing that her case was not given the proper legal consideration it deserved. Prevost, as a member

of several protected classes due to her disability, age, and religion, asserts that her work was intentionally sabotaged through the deletion and manipulation of crucial government documents and emails. She filed for summary judgment on the same day the court failed to rule on her motion, emphasizing that she has not exhausted all administrative remedies.

Judge Eskridge referred the matter to Magistrate Judge Christina Bryan, who issued a recommendation for the Defendant City of Houston in May 2025 that was adopted by Eskridge on June 20, 2025. This ruling unjustly denied Prevost's dismissed her case without a valid legal basis.

A Statement of the Case as required by FED. R. APP. P. 28(a)(6).

## STATEMENT OF MATERIAL FACT

The relevant background: employment status, complained action(s), specific factual disputes, and timeline of adverse employment decisions. Plaintiff Valerie Prevost is a former employee of the City of Houston During the relevant time frame for this lawsuit; she worked as an administrative specialist/Finance in the Office of Emergency Management (OEM). Over her 24 years and 11 months of employment, she spent 14 years and 11 months at the Houston Emergency Center (HEC) located at 5320 N. Shepherd Dr., Houston, Texas 77091, and 11 years at Houston Airport System as Community Liaison.

# Case No. 25-20264

Plaintiff Valerie Prevost was recognized by the City of Houston as an excellent employee, receiving evaluations that rated her performance at the City of Houston. Her plan, earning an evaluation rating of 4 (Exceeds Expectations) and 5 (Exceptional), a recognition email, and letters from City of Houston partners, is available as evidence of her outstanding service. Plaintiff has never been written up.

I have been a Christian for 47 years and dedicated nearly 25 years to serving the City of Houston as a public servant. During this time, I received numerous awards for my contributions. Additionally, I served for 9 years with the State of Texas.

As a community activist for 36 years (from 1988 to present), I have been guided by my faith to participate in various presidential campaigns. I have also addressed congressional issues, speaking to Congress in Washington D.C., from 1988 to 2007 about public matters and actively engaged with City of Houston, City Council members and mayoral campaigns since 1976. My advocacy includes supporting individuals with disabilities, tackling public and private issues, and assisting the homeless community. I played a key role in City of Houston projects, such as organizing the first Airport 5K run on the Airport Runway, which aimed to develop community relations and support nonprofit organizations. One of my opportunities was coordinating the tree planting ceremony for Congresswoman Barbara Jordan at the University of Texas following her passing. I have been nominated for recognition

# Case No. 25-20264

as a community activist by various organizations, including the State of Texas, Houston Rockets, and Zytron Corp. My commitment to public service also encompasses upholding the First and Fourteenth Amendments of the Constitution.

**Employee Plaintiff Valerie Prevost Disabled**

My Chronic inflammatory demyelinating polyneuropathy (CIDP) is a rare, painful neurological disorder that affects the peripheral nervous system and is characterized by progressive weakness in the body, impaired sensory function, and muscle rigidity. characterized by a heightened sensitivity to stimuli, can set off muscle spasms, nerves, and falls. Immune cells target my body's own healthy tissues by mistake, causing severe abdominal pain and inflammation, which is a severe muscle weakness and nerve damage disorder. The City of Houston has been aware of my disability since 2017. I was approved for a six-year accommodation that allowed my husband to drive me closer to the building for disabled Plaintiff safety. However, this accommodation was revoked when a new manager, who has exhibited discriminatory behavior, was hired in 2020.

1. **Plaintiff Valerie Prevost/ other employees experienced an Environment Characterized by Discrimination, Harassment, and Retaliation starting in 2020 by new management**. In the area of Reverse **Racism,** Discrimination based

# Case No. 25-20264

on being Black, Asian, White, etc. **Color** Discrimination based on skin tone/shade. Religion, **Sexual Orientation** Protects LGBTQ+ individuals/ **Gender Identity. Age (40 or older)**Applies only to employees/applicants aged 40+. **Disability:** Physical impairments that substantially limit major life activities**.**

---

## In this Case (Valerie Prevost v. City of Houston)

Plaintiff Valerie Prevost experienced direct discrimination based on:

**Age (63)** → Protected under ADEA

**Disability** → Protected under ADA-TITLE I

**Religion (Christian)** → Protected under Title VII

**Prior protected activity (grievances, EEOC complaints)** → Protected from **retaliation.**

(1a) <u>Plaintiff Incident</u> (1) Plaintiff Valerie Prevost's employment at the City of Houston. Plaintiff Valerie Prevost experienced a hostile work environment for the last two years (2020-2022) of hostile work environment characterized by Ms. Nickea Bradley, Deputy Director, and other managers in a discriminatory environment, harassment, and retaliation. Valerie Prevost is a member of protected classes related to disability, age, and religion. The City of Houston, under the leadership of Ms. Nickea Bradley, Deputy Director, *an African American female,* fostered an environment of discrimination toward OEM

# Case No. 25-20264

employees based on race, age, religion, sexual orientation, and disability starting in 2020. This behavior violated both the law and the City of Houston's policies and promoted the "Cat's Paw" theory of the Supreme Court of 2011 within the department's management. (A biased employee (the monkey) influences a neutral decision-maker (the cat) to take action against another employee (like firing them), making the company liable for discrimination — even if the decision-maker wasn't biased.

This concept was solidified in a 2011 U.S. Supreme Court case: Staub v. Proctor Hospital.) Ms. Bradley was made to resign for the discrimination in the department.

**Laws/Policies Violated**

(Summary of Legal Policies:

- Title VII of the Civil Rights Act of 1964: Employment discrimination

- Americans with Disabilities Act Amendments Act of 2008 (ADAA)

- Age Discrimination in Employment Act of 1967 (ADEA) - age 63

- Equal Pay Act (EPA)

- Title VII violations based on religion (Christian bias)

Jurisdiction: Title 42 U.S.C. § 2000e-5, City of Houston Executive Order 1-50, City of Houston Safety and Health 2-21 (2015).

# Case No. 25-20264

Legal Principle: **Constructive discharge occurs when intolerable working** conditions compel resignation, treated as employer-initiated termination (Burlington Northern & Santa Fe Railway Co. v. White, 2006).

**Exhibits/evidence**- Inspector General- Letter dated December 2021, employee's complaint forms, Plaintiff's report of discrimination against upper management, and OIG complaints from other employees, witness affidavit (Step, Carter, and Engel), Mayor's news that the Inspector General protected the managers and not regular employees.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**(2)- Plaintiff Disability Incident** - The City of Houston's former Deputy Director, Nickea Bradley, violated the rights of Plaintiff Valerie Prevost, an disabled employee of OEM, a protected class, a disabled employee diagnosed in 2017 by her doctors, by relocating her from a safe working environment to an unsafe one, despite being aware of her condition. Since 2017, when Valerie became disabled, she had been working in an office located in the main hallway, which had no barriers or obstacles that were established by previous Directors, managers, and supervisors to ensure Plaintiff's safety under **Title VII of the Civil Rights Act of 1964 for employment Americans with disabilities** and City of Houston: Health and Safety policy. Nickea Bradley

# Case No. 25-20264

was employed by the City of Houston starting in 2020 and ruled with an iron fist, which created a hostile working environment for everyone. Bradley openly expressed her intolerance toward Valerie as a disabled employee. Bradley made comments suggesting that Valerie, who is a person with disabilities, should retire, despite the fact that Valerie had always performed excellently in her role and had no intention of retiring. Bradley appeared to harbor animosity toward Valerie and sought to isolate her from her peers by moving her inside the Houston Operations Center. The new office to which Valerie was transferred was situated in a construction zone, where there was a significant hole in the roof, mold, and water accumulating on the carpet from a leaky roof. Valerie explicitly requested not to be moved to this office, as it was dangerous, with only one entrance and exit through the construction area, creating additional hazards and barriers for her as a disabled employee. **Occupational Safety and Health Administration (OSHA)** requires that all employees — including those with disabilities — have a safe and healthy workplace. Plaintiff asked to be relocated to a safer area downstairs in the Houston Emergency Center, where there was no construction taking place. Despite knowing about Valerie's disabilities, Nickea Bradley denied Plaintiff's request, and all other managers continued to keep Plaintiff in an

# Case No. 25-20264

unsafe office after Bradley's departure in July 19,2021. As a result of this negligent decision, Plaintiff slipped and fell on **June 10, 2021**, on wet carpet and was left on the floor until Supervisor Vlad Ibarra, OEM manager, found Plaintiff on the Floor and requested two co-workers to assist in helping her up, Plaintiff Valerie Prevost was hurt from the fall and the City of Houston Manager Vlad Ibarra didn't fill out a City of Houston Workman's Comp Incident report according to COH 1-33 correctly, He should have fill out Medical on the incident report and he didn't, he fill out report only and didn't turn it in until September 31, 2023 after Plaintiff was force to retire. Plaintiff Valerie Prevost was unable to file for workers' compensation due to injuries because Vlad Ibarra, the manager, did not submit the incident report to the City of Houston until September 31, 2023, as outlined in City of Houston Policy (1-33). The Defendant, the City of Houston, already had Valerie Prevost's doctor's certification regarding her disability condition on file. she should never have been in the construction area.

**Lord's Word;** Micah 6:8 (NIV) *"He has shown you, O mortal, what is good. And what does the Lord require of you? To act justly and to love mercy and to walk humbly with your God."*

# Case No. 25-20264

**Evidence**: Pictures- Safe office and Hazardous office, City of Houston Workman Comp video, City of Houston Safety management email confirms the supervisor didn't turn in the incident report under medical, Doctor's report of plaintiff's injuries

**********************************************************************

(3)- Plaintiff's Disability Incident (Gate **Access**) New manager revoked the accommodation, which violates the Rehabilitation Act of 1973 is a foundational civil rights law that protects individuals with disabilities from discrimination. It's especially important when the employer or program receives federal funding or is a federal agency. The Plaintiff, Valerie Prevost, was discriminated against based on Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act Amendments Act of 2008 (ADAA). For six years, the City of Houston approved accommodation for the Plaintiff's mobility needs due to her disability, as facilitated by her supervisor, Melanie Bartis, Manager of the Office of Emergency Management, and David Cutler, Director of the Houston Emergency Center. The Plaintiff had a medical report on file for 6 years supporting these accommodations. However, on September 23, 2021, Joe Laud, the HEC manager, revoked the Plaintiff access to front gate that would allow her husband to be driven closer to the building. Instead,

# Case No. 25-20264

he forced her to walk to and from the security booth, disregarding her approved accommodation. When her husband, who is also her caregiver, attempted to drive her closer to the building, this accommodation was unjustly revoked. Former Deputy Director Nickea Bradley influenced several managers, including Joe Laud, fostering a discriminatory environment consistent with the "CAT's Paw Theory." When the Plaintiff became disabled in 2017 Mr. Laud never bothered the Plaintiff. Until 2021, Mr. Laud did not grant Plaintiff access, and all required documentation was submitted by Chris Newsom, Supervisor for Allied Security. Joe Laud continued to deny the Plaintiff and her husband entry through the gate. COH Policy 3-34- 5.1.2 It need not be mandatory in all situations, such as a minor request or a self-evident disability. However, the Emergency Center manager unlawfully prevented her from being driven through the gate, according to COH policy 100-4. The Defendant City of Houston's negligent decision caused Valerie to fall a second time, injuring her on October 8, 2021. She fell on concrete after being prevented from getting closer to the building. Valerie has muscle weakness, painful nerves, and muscular issues, which make walking to and from the gate difficult for her. The injuries were certified by her doctor and neurologist, and this was confirmed by her physical therapist. In their position

# Case No. 25-20264

statement to the EEOC, the Defendant City of Houston claimed that the Plaintiff never provided any medical information to get back into gate access after it was unlawful revoke, despite the fact that the Plaintiff had six years of medical records of her disability on file with the Defendant City of Houston.

**Laws and Cases**

The **ADA Title** I Employer (City) removed the accommodation that created. barriers for the disabled Plaintiff, which caused a fall, and didn't provide an alternative to bring the Plaintiff closer to the Gate. Preventing the Plaintiff from accessing the workplace gate violates the ADA Title 1, particularly if barriers hinder their entry. (Weiss vs County access to the building) Retaliation for complaining about discrimination (such as denying workplace access) is itself a violation under Title IX.

**ADA Title I – Employment**
**Title I** of the **Americans with Disabilities Act** prohibits discrimination against qualified individuals with disabilities in the job application process, hiring, advancement, discharge, compensation, job training, and other terms of employment. Employers must provide **reasonable accommodation** unless doing so would cause **undue hardship**. This didn't create undue hardship, because other employees were under Defendant City of Houston policy 100-4, and Plaintiff was already approved.

# Case No. 25-20264

Removing a previously granted accommodation that enabled access **may constitute discrimination** if it creates a barrier for the employee to perform essential job functions.

**Evidence:** Policy 100-4, email of approval, Approval from Defendant City of Houston FMLA for 6 years, email of approval, witness affidavit, Defendant City of Houston Position Statement to EEOC, medical professional confirmation of injuries from falls, this negligence caused the plaintiff to become 100% disabled and can no longer work**.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

4    **Plaintiff's AGE Incident** Plaintiff Valerie Prevost has experienced age discrimination under the Age Discrimination in Employment Act of 1967. Despite having nearly 25 years of experience and relevant qualifications, she was denied both a promotion and an interview for a position she was already performing. She had requested reclassification three times—in 2019, 2020, and 2022—but instead, a younger, newly hired employee with a degree, but lacking job performance skills, was selected for the position. This individual was offered a salary of $80,000, despite having never actually performed the job. Additionally, Valerie's application was compromised; important documents were removed, as

# Case No. 25-20264

confirmed by Human Resources representative Paul Gonzalez. Former Deputy Director Nickea Bradley and her employee, Vlad Ibarra, were preventing the Plaintiff from being interviewed. Furthermore, a Thomas Pastrano younger coworker whom Valerie had trained, had less experience but the same job title. This coworker was reclassified, interviewed, and promoted twice within two years.

**Plaintiff Facts:** Valerie Prevost applied for the Grant Administrator position in February 2021 but was denied an interview and promotion to the role she was already performing. The Defendant City of Houston job posting accepted professional experience, which Valerie had accumulated over 24 years of experience, and she had been fulfilling the position's duties for 12 years. Despite her qualifications, a younger, newly hired employee—without prior experience in the role—was chosen for the position. This individual, who lacked essential job performance skills, Moreover, Valerie's application was reviewed by former Deputy Directors Nickea Bradley and Vlad Ibarra, who removed important documents, as confirmed by HR representative Paul Gonzalez, which ultimately barred her from an interview.

# Case No. 25-20264

**Word of the Lord**: Exodus 23:2-3 (ESV)"You shall not fall in with the many to do evil... nor shall you be partial to a poor man in his lawsuit.

**Evidence** supporting these experiences includes an email from HR confirming the status of Valerie's application, which had been submitted with ten sheets, but Mark Rayne stated that OEM management. only received four sheets. A grievance committee was convened by the city to address Valerie's reclassification; however, the reclassification was never processed. After being forced to retire, Valerie's former position was eventually reclassified, but the City of Houston hired someone new for the role who had less experience and did less work and was paid the same.

It was not merely that the new hire had a degree; she was never required to perform the actual duties of the position. Valerie continued to fulfill these duties without the proper reclassification and same salary. The new hire ultimately resigned July 1, 2022, upon learning that Plaintiff Valerie was forced to retire, as the new hire was unable to perform the necessary work.

*Case: Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133

# Case No. 25-20264

(2000): The Supreme Court held evidence of age bias plus Inconsistencies in the employer's justification support an ADEA claim **EEOC v. TIN, Inc.** (also known as *EEOC v. Inland Paperboard and Packaging, Inc.)* was a significant age discrimination case under the Age Discrimination in Employment Act (ADEA), litigated in the U.S. District Court for the District of Arizona. **Supporting Evidence:** Proof of 24 years of experience and documentation of reclassification requests. Job posting showing experience was accepted in place of a degree confirmation (Paul Gonzalez) and documents were removed.

............................................................................

**5 Plaintiff 's Incident: criminal deletion of Government email**: Plaintiff Valerie Prevost experienced discrimination in violation of Title VII of the Civil Rights Act of 1964. She faced retaliation and harassment when City of Houston IT administrators, specifically Hamilton Howard, deleted government emails and documents. Howard had full control of Prevost's profile and may have granted administrative rights to Bradley. Bradley was the main person promoting the discriminatory environment and influencing other employees and management. Secondly, it became worse when the Plaintiff filed a grievance, Ms. Prevost filed complaints of discrimination with the City's Office of Inspector General (OIG) against

# Case No. 25-20264

two employees in her supervisory chain: Vlad Ibarra and Nickea Bradley. In November 2021, she submitted a second complaint, this time against Joe Laud, the Administrative Manager for the Houston Emergency Center, who is not Ms. Prevost's Supervisor but influenced by Bradley. The OIG investigated her complaints but did not conduct a full interview with Ms. Prevost for a comprehensive incident report. Instead, they only interviewed the individuals she accused, which led to the dismissal of her allegations. Ms. Prevost contends that the city retaliated against her and subjected her to harassment in response to her discrimination complaints. She ultimately was forced to retire from her position with the City on August 31, 2022.

***The Lord's Word: Micah 6:8 – "What does the Lord require of you? To act justly and to love mercy and to walk humbly..."***

**Evidence**: emails, deleted document, report

# Case No. 25-20264

**5.(a)** **Plaintiff Valerie Prevost** contends that the Defendant City of Houston is liable for damage she incurred as a result of the following employment actions, which she contends were taken for discriminatory or retaliatory reasons.

**Word of Lord:** Deuteronomy 16:18-20 (ESV) *"You shall appoint judges... and they shall judge the people with righteous judgment. You shall not pervert justice. You shall not show partiality, and you shall not accept a bribe... Justice, and only justice, you shall follow."*

**Evidence: medical documentation**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

6. **Plaintiff 's Medical documentation** of Plaintiff's injuries submitted was intended to inform the Defendant City of Houston that Plaintiff Valerie Prevost cannot walk long distances due to her weak legs, nerve pain, muscle atrophy in her lower extremities, and high fall risk. She is unable to stand for extended periods or walk more than short distances without experiencing pain. On June 10, 2021, and October 8, 2021, Plaintiff suffered falls on the concrete outside the building and in a construction area due to the negligence of the City of Houston, which has now resulted in additional injuries, including Carpal Tunnel

# Case No. 25-20264

Syndrome, Cervical Radiculopathy, and Lumbar Radiculopathy. Plaintiff's disability was only lower extremity and is now both upper and lower injuries and is 100% disabled and can no longer work. These medical issues were documented in letters and reports and neurological tests from Dr. Dwane G. Broussard and Dr. Faiz Fayaz, Neurology, dated August 25, 2022, and the medical information has been on file at the City of Houston from 2017 to 2022. Due to the negligence of the City of Houston.

**Word Lord Exodus 23:6 (NIV)** *"Do not deny justice to your poor people in their lawsuits."*

**Evidence:**

*************************************************************************

7. **Plaintiffs' Incident Violation of Religion** – Valerie Prevost was discriminated against for expressing her religious beliefs, violating Title VII of the Civil Rights Act of 1964. Her supervisor, Vlad Ibarra, reprimanded her for saying "Jesus Christ," and a meeting concluded that her religious rights were violated. Retaliation for asserting religious rights is illegal. The Free Exercise Clause of the First Amendment protects employees from religious suppression by government employers. Valerie faced hostility for expressing her constitutionally protected Christian beliefs. The City of Houston failed to uphold her Title VII rights and retaliated against her for exercising her religious freedom, violating federal law and principles of fairness in public employment. **Fraternal Order of Police v. City of Newark, 170 F.3d 359 (3rd Cir. 1999) – Judge Alito Facts**: Muslim officers

# Case No. 25-20264

denied religious exemption from a grooming policy (beards), while medical exemptions were allowed.t **Tucker v. California Department of Education, 97 F.3d 1204 (9th Cir. 1996)** A public employee's **Free Exercise rights were violated** when she was terminated for **discussing her faith** in the workplace under a policy that wasn't enforced against non-religious speech. The court ruled in her favor, applying **strict scrutiny** to government suppression of religious expression. The Plaintiff's workplace experience was adversely affected by the discriminatory treatment she received in relation to her Christian faith. During a meeting attended by Mark Rayne and Vlad Ibarra, OEM managers from the Office of Emergency Management (OEM), the Plaintiff declined to sign a PID document that she believed violated City policy 1-50, which allows for employee comments. Vlad Ibarra came into Plaintiff's office and yelled to her to sign. In expressing her objection, the Plaintiff stated, "Jesus Christ," as a sincere expression of her faith. Vlad Ibarra, present at the meeting, objected to the use of this phrase, claiming it violated the "separation of church and state," despite the Plaintiff's clarification that the statement was not proselytizing but reflected her religious beliefs relevant to the discussion.

Shortly after this incident, the Plaintiff received a Performance Improvement discussion (PID), which mischaracterized her religious expression as a behavioral issue. She was also falsely accused of timekeeping violations by supervisor Vlad Ibarra.

Nickea Bradley, who directed Ibarra to formally reprimand the Plaintiff in connection with the incident. This marked that Plaintiff had never had disciplinary

51

# Case No. 25-20264

action in nearly 25-year tenure as a City of Houston employee, during which she consistently received high performance evaluations. The Plaintiff believes she was unlawfully targeted and disciplined based on her Christian beliefs, in violation of Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on religion (42 U.S.C. § 2000e-2(a)).

What really happened? On April 12, 2021, an internal miscommunication occurred when Bradley failed to notify Ibarra of an approved change in the Plaintiff's work schedule. As a result, Ibarra confronted the Plaintiff and accused her of "stealing time." The Plaintiff replied, "I work for Jesus Christ; I don't steal time—I give more time." This statement was again met with hostility, and her reference to Jesus Christ was omitted from subsequent documentation. Despite this, the Plaintiff continued to experience retaliatory conduct, reinforcing the perception that her religious beliefs were not respected in the workplace by these new managers.

This pattern of adverse treatment constitutes a violation of the Plaintiff's rights under the **First Amendment to the U.S. Constitution**, particularly as it relates to freedom of religious expression in a government workplace and supports claims under **Title VII** for religious discrimination and retaliation. Email communications from Bradley further corroborate the discriminatory actions and the failure to properly communicate internal scheduling changes, which contributed to the false allegations made against the Plaintiff.

**Sherbert v. Verner** (1963)- The **U.S. Supreme Court** ruled in favor of Sherbert, stating that the government had violated her **First Amendment rights** to free exercise of religion.

# Case No. 25-20264

In Masterpiece Cakeshop v. Colorado Civil Rights Commission (2018), the U.S. Supreme Court ruled in favor of Phillips, emphasizing the Colorado Civil Rights Commission's bias against his religious beliefs, violating the First Amendment. In Trinity Lutheran Church v. Comer, the Court decided that the government could not discriminate against religious organizations based solely on their religious status.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

8. **<u>Plaintiff's retaliation and harassment</u>: Deleted government emails and documents.** Plaintiff Valeire Prevost experienced discrimination in violation of Title VI I of the Civil Rights Act of 1964. She faced retaliation and harassment from the City of Houston's IT administrators, specifically Hamilton Howard and two others, who deleted Plaintiff's government emails and documents. Howard administrator and another administrators I and II had full control over Prevost's profile and may have granted Administrative rights to Bradley, who played a significant role in Plaintiff, experienced daily deletions of emails and documents, which necessitated constant retrieval efforts. She reported these issues to several parties, including the OEM IT administrator, her supervisors, management, the IT department, the Director of IT, the Cyber Chief, FBI agent Mike Davis, former Mayor Turner, and the current Mayor Whitmire, but no action was taken. Plaintiff exhausted all administrative Remedies.

**Lords Word: Isaiah 10:1-2 (ESV)** *"Woe to those who decree iniquitous decrees... to turn aside the needy from justice..."*

**Evidence:**

53

# Case No. 25-20264

9. **Plaintiff's Retirement Incident.** Plaintiff Valerie Prevost was forced to retire after being denied gate access for drop-off and pick-up at the front of the building. She experienced significant pain from having to navigate back and forth through the gate due to the barrier created by the City of Houston (Joe Laud, HEC manager, abuse of power), which led to the removal of her accommodations.

This situation constitutes a violation of Title I of the Americans with Disabilities Act (ADA). **Constructive discharge.** Under the ADA, Plaintiff, a disabled employee, Prevost, was forced to leave her job because the City of Houston failed to provide necessary accommodations, resulting in her physical pain, deterioration of health, or humiliation. Plaintiff's experience of constructive discharge based on disability discrimination. The City of Houston's position statement to the EEOC said that the reason the plaintiff was revoked from gate access was that the plaintiff did not provide medical information. Plaintiff Prevost already provided 6 years of doctor. certification from 2017 until 2022. Plaintiff had to go through an interactive process each year. The plaintiff's health was declining because of two falls on June 10,2021 construction in the plaintiff's office, wet carpet) and October 8, 2021,(falling on concrete from walking to and from the gate).**Constructive Discharge Qualified Individual with a Disability:** Valerie had a known disability and could perform the essential functions of her job **with reasonable accommodation** (i.e., front gate access). **Previous Accommodation Removed:** She was granted **front gate access** as reasonable accommodation, which was later **revoked by the City of Houston** without justification or offering alternatives.

# Case No. 25-20264

**Resulting Harm:** The denial **forced her to walk significantly more,** which caused **substantial physical pain,** making it difficult or impossible for her to continue working. **No Meaningful Interactive Process:** The City has **failed to engage in a good-faith discussion** to identify or offer another accommodation, as required under the ADA. **Retirement Was Not Truly Voluntary:** Valerie **only retired because her pain became unbearable due to the removal of accommodation,** which makes the retirement **involuntary,** and legally equivalent to a discharge. The plaintiff's health continued to deteriorate, especially as she had to navigate back and forth to the building for work. Despite her condition, Plaintiff was forced to retire on August 31, 2022. Throughout this period, she endured daily pain from her disabilities. On August 25, 2022, she consulted a neurologist, Dr. Fayaz A. Faiz, who confirmed that she had sustained significant injuries from her falls.

## SUMMARY OF THE ARGUMENT

The district court erred in granting summary judgment in favor of the Defendant because genuine disputes of material fact remain unresolved, and the court improperly weighed evidence and credibility issues—functions reserved for a jury. The court failed to apply the correct legal standards under the **Age Discrimination in Employment Act (ADEA)**, the **Americans with Disabilities Act (ADA)**, **Title VII of the Civil Rights Act**, and the **First Amendment**, resulting in an unjust dismissal of Plaintiff's claims.

Plaintiff presented specific, admissible evidence sufficient for a reasonable jury to conclude that she was subjected to unlawful discrimination, retaliation, and denial of reasonable accommodation. Despite this, the district court drew inferences in favor of the (Defendant), contrary to established precedent under *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) and

55

# Case No. 25-20264

*Tolan v. Cotton*, 572 U.S. 650 (2014). The court also failed to properly consider the causative link between Plaintiff's protected activity and adverse employment actions.

Accordingly, summary judgment was inappropriate and should be reversed to Plaintiff Valerie Prevost.

---

Plaintiff's references to her faith, including "Jesus Christ," were made in a non-disruptive manner and within the context of workplace communication. Her religious expressions are protected under the **First Amendment** and Title VII, and disciplinary actions taken in response to such expressions support a claim of retaliatory motive. The Defendant's subsequent performance write-up and termination provide sufficient evidence for a reasonable jury to conclude retaliation occurred.

---

**I Court Improperly Weighed Evidence.** The district court erroneously weighed conflicting evidence and made credibility determinations, which is impermissible at the summary judgment stage. See *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Plaintiff submitted affidavits, internal correspondence, and email documentation contradicting the Defendant's version of events. Under *Anderson v. Liberty Lobby*, 477 U.S. at 255, the presence of competing factual narratives mandates jury resolution.

---

**II. The Plaintiff Must Move Forward.**

Viewing the evidence in the light most favorable to the Plaintiff, a reasonable court can conclude that her termination was motivated by unlawful age and disability discrimination, and retaliatory

# Case No. 25-20264

animus following her exercise of protected rights. Accordingly, the district court's grant of summary judgment was in error and the duty to be dismissed.

*Summary of the Argument as required by FED. R. APP. P. 28(a)(7).*

---

# ARGUMENT

## III. Plaintiff Presented Sufficient Evidence to Support Her First Amendment Retaliation Case

To establish retaliation in violation of the **First Amendment**, a public employee must demonstrate:

Engagement in constitutionally protected speech.

## IV. The District Court Erred in Granting Summary Judgment Despite Genuine Disputes of Material Fact

Summary judgment is clearly inappropriate when genuine issues of material facts exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), courts must draw all reasonable inferences in favor of the non-moving party. The Plaintiff-Appellant provided compelling evidence, including affidavits and reports, demonstrating discrimination and retaliation based on age, disability, religion, and protected activity. In Tolan v. Cotton, 572 U.S. 650 (2014), the Supreme Court reaffirmed that courts cannot weigh evidence or make credibility determinations at the summary judgment stage. The District Court's ruling disregarded this principle by dismissing the Plaintiff's evidence and relying on the Defendant's conclusory statements.

## V. The Court Abused Its Discretion by Failing to Impose Sanctions for Discovery Violations Under Rule 37

# Case No. 25-20264

Sanctions are warranted under Fed. R. Civ. P. 37(b)(2)(A) when a party disregards a discovery order. The Defendant failed to provide the requested camera footage, documents, and interrogatory responses, hindering the Plaintiff's case. In Chambers v. NASCO, Inc., 501 U.S. 32 (1991), the Supreme Court affirmed a court's authority to sanction bad-faith litigation conduct. Thus, the Defendant's failure to produce evidence justifies sanctions and/or default judgment.

## VI. The District Court Misapplied the Burden-Shifting Framework in Discrimination Claims

The District Court failed to properly apply the **McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)** framework. Once Plaintiff established a prima facie case of discrimination under the **ADA**, **ADEA**, and **Title VII**, the burden shifted to Defendant to provide a legitimate, non-discriminatory reason for its actions. Plaintiff provided ample evidence to show that Defendant's justifications were pretextual.

Under **Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133 (2000)**, courts must consider whether a reasonable jury could infer discrimination from the pretext. The District Court failed to do so, ignoring emails, personnel actions, and reports that would support such an inference.

## VII. Plaintiff's Claims Were Prematurely Dismissed Despite Full Exhaustion of Administrative Remedies

The Court erred in accepting Defendant's assertion that Plaintiff failed to exhaust EEOC remedies, despite record evidence showing that Plaintiff filed formal charges and engaged in the administrative process. According to **Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982)**, exhaustion is a procedural requirement, not a jurisdictional bar, and may be satisfied liberally for

# Case No. 25-20264

pro se litigants. Plaintiff submitted EEOC correspondence, emails to HR and city officials, and participated in grievance proceedings—all sufficient to satisfy **42 U.S.C. § 2000e-5(b)**.

## VIII. The District Court Ignored Credible Evidence of Spoliation and Retaliatory Tampering of Records

Plaintiff presented evidence that her official government email and files were altered or deleted after initiating protected activity. The Court failed to address these serious allegations, violating the principle set forth in **Silvestri v. General Motors Corp., 271 F.3d 583 (4th Cir. 2001)**, which allows for sanctions or adverse inferences in cases of spoliation. The conduct potentially violates federal criminal statutes, including **18 U.S.C. §§ 1503, 1512(c), and 1519**, which prohibit tampering with evidence in connection to official proceedings.

## VIIII. The Court Erred in Disregarding Findings from the Office of Inspector General (OIG)

The Court disregarded corroborate findings from the City of Houston's OIG, which substantiated claims of environmental discrimination and retaliation. Under **Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)**, courts must view evidence in the light most favorable to the Plaintiff. The District Court violated this standard by failing to credit relevant investigative findings.

## X The Court Denied Plaintiff Due Process by Unequal Treatment and Exclusion of Evidence

# Case No. 25-20264

The District Court violated Plaintiff's due process rights under the **Fifth and Fourteenth Amendments** by ignoring her timely filings, denying her the right to file motions equally, and excluding critical evidence. This conduct contravenes **Goldberg v. Kelly, 397 U.S. 254 (1970)**, which affirms a fundamental right to a fair hearing.

## XI Judicial Bias and Improper Conduct Warrant Reversal

Magistrate Judge Christina Bryan failed to recuse herself despite a conflict of interest, in violation of **28 U.S.C. § 455(a)**. In **Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988)**, the Supreme Court emphasized that even the appearance of bias is sufficient to require disqualification. Furthermore, the Court's disparate treatment of pro se Plaintiff and Defendant's counsel—allowing ambush motions and ignoring the Certificate of Service requirement—suggests procedural unfairness that affected the outcome.

## XII. Plaintiff's Timely Motion Was Never Adjudicated

Under **Fed. R. Civ. P. 56(a)**, courts are required to rule on properly filed motions. The failure to do so deprived Plaintiff of equal access to judicial remedies and further illustrates the biased handling of this case.

## XIII. Docket Irregularities and Lack of Inquiry Raise Concerns of Procedural Integrity

Plaintiff submitted credible evidence and complaints to both the District Court and the FBI concerning possible docket manipulation and irregularities. The Court's failure to investigate or

# Case No. 25-20264

address these claims undermines judicial transparency and violates the principle stated in **United States v. Nixon, 418 U.S. 683, 709 (1974)**: *"The very integrity of the judicial system and public confidence in the system depend on full disclosure of all the facts."*

## I. Standard of Review

The Court reviews the district court's grant of summary judgment de novo. *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 362 (5th Cir. 2013). Summary judgment is appropriate only if no genuine dispute of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court of Appeals reviews the grant of summary judgment **de novo**, applying the same legal standard as the district court. *Tolan v. Cotton*, 572 U.S. 650, 656–57 (2014*Fed. R. Civ. P. 56(a)* **de novo** does not apply because Defendant Removal of the accommodation—making *de novo* review and summary judgment are both improperall reasonable inferences must be drawn in favor of Plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).

---

## II. Plaintiff Established a Prima Facie Case Under the ADA

To establish a prima facie case of discrimination under the ADA, Plaintiff must show: (1) she had a disability; (2) she was qualified for her job; and (3) she suffered an adverse employment action because of her disability. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) Plaintiff had a documented disability under the ADA (degenerative joint disease). b. She was qualified for her job, with or without reasonable accommodation. c. She requested a modified schedule and a stool—both reasonable accommodations.

# Case No. 25-20264

- Shortly after the request, she was terminated. **Plaintiff Requested Reasonable Accommodations**

The district court erred in concluding that Plaintiff failed to request accommodation. The record includes multiple emails to HR requesting modified hours and a stool. Under *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606 (5th Cir. 2009), these communications are sufficient to constitute a valid accommodation request**.**

**Appellant:**

**Transcripts:**

Transcript of October 2, 2024, and February 12, 2024, hearing requested on July 2, 2025.

**Mediation:**

Parties engaged in private mediation on March 20, 2025, 01:00 PM Central Time (US) (unsuccessful)

---

*Argument, including the applicable standards of review for each issue as required by FED. R. APP. P. 28(a)(8) and FED. R. APP. P. 28 (a)(8)(B).*

# Case No. 25-20264

## CONCLUSION

**RELIEF REQUESTED**

WHEREFORE, Plaintiff-Appellant Valerie Prevost respectfully requests that this Honorable Court: **Reverse** the district court's order granting summary judgment in favor of Defendant City of Houston and order granting case dismissed for Court violation and Defendant's violation of federal laws.

**Vacate** the district court's final judgment dismissing Plaintiff's lawsuit one day before going to Docket call; **Remand** this matter for further Plaintiff's claims under:

1. Title VII of the Civil Rights Act of 1964 (religious discrimination and retaliation).

2. On June 10, 2021, and October 8, 2021, I suffered injuries due to the negligence of the City of Houston. As a direct result of these falls, I am now 100% disabled and unable to work and support myself, leading to a significant disruption in my life. This situation constitutes serious violations of my rights under the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA), 42 U.S.C. § 1981 and § 1983, as well as the First and Fourteenth Amendments regarding free expression and due process. I urge for

justice and accountability in response to these wrongs! It's time to take a stand as a matter of law and seek the redress we deserve.

**Negligence Resulting in Personal Injury and Loss of Earning Capacity**

Plaintiff asserts that due to negligence **and failure to maintain a safe work environment** by the City of Houston. These injuries were **foreseeable and preventable**, arising directly from hazardous conditions in the Plaintiff's workplace, including but not limited to wet flooring and a leaky roof, ongoing construction, and a lack of proper safety measures. As well as the defendant's negligence revoking the approved accommodation (gate access) under ADA title I, nor providing an alternative, which created barriers for the disabled plaintiff to access the work area, caused the Plaintiff's fall on October 8, 2021, and injured herself. As a **municipal employer**, the City of Houston owed Plaintiff a **duty of care** to maintain a reasonably safe work environment under both **Texas common law** and applicable **occupational safety regulations**. The City's failure to remedy or warn of known hazards constitutes a **breach of that duty**. As a **proximate result** of the City's negligence, Plaintiff suffered **physical injuries** that have rendered her unable to work or sustain

# Case No. 25-20264

her livelihood, resulting in **loss of income**, **loss of future earning capacity**, **emotional distress**, and a **significant reduction in quality of life**. This conduct gives to claims below:

- **Texas Tort Claims Act** (TTCA), Tex. Civ. Prac. & Rem. Code § 101.021 – allows liability for governmental entities for personal injuries from the condition or use of tangible property, including unsafe premises.

- **Premises liability** under Texas law, for failure to address dangerous conditions.

42 U.S.C. § 1983 claims the plaintiff's injuries result from deliberate indifference to health and safety due to discriminatory practices and retaliation. The plaintiff seeks compensatory damages.

- Past and future medical expenses, Lost wages, and future earning capacity,

- **Key factor**: The employer was **repeatedly made aware** of the disability and refused to act reasonably.

- and any additional relief this Court deems just and equitable under the law. *Conclusion stating the precise relief sought as required by FED. R. APP. P. 28(a)(9).*

# Case No. 25-20264

SUBMITTED BY:
<u>S/Valerie Prevost, Prose</u>

13538 Forest Gully
Houston, TX 77067

## CERTIFICATE OF SERVICE

Respectfully submitted:

<u>/s/Valerie Prevost, Prose</u>

Plaintiff Valerie Prevost

13537 Forest Gully

Houston Texas 77067

Vprevost1@yahoo.com

I hereby certify that on **September 2, 2025**, and a revised copy on **September 16, 2025**, pursuant to the Federal Rules of Civil Procedure and Rule 25 of the Federal Rules of Appellate Procedure, a true and correct copy of the instrument to which this Certificate is attached was duly served by the **pro se Plaintiff, Valerie Prevost**, via **e-mail and U.S. mail** upon the following

Samantha Cobb, Assistant Attorney

Samantha.cobb@houstontx.gov

# Case No. 25-20264

Marjorie Cohen, Senior Assistant Attorney

Marjorie Cohen@houstontx.gov

Donald HighTower, Senior Assistant Attorney

Donald.Hightower@houstontx.gov

ATTORNEYS FOR DEFENDANT CITY OF

HOUSTON

CITY OF HOUSTON LEGAL DEPARTMENT

900 Bagby 3rd FL

Houston Texas 77002

Main: (832) 393-6491

Fax (832) 393-6259

S/Valerie Prevost

Plaintiff Valerie Prevost, Pro Se

13538 Forest Gully

Houston, Texas 77067

Phone: 832.297.9379

Email: vprevost1@yahoo.com

# Case No. 25-20264

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of the Fed. R. App. P. 32(a)(7)(B) because it contains 13ds, the rule is 12,967 words, excluding the parts of the brief exempted by Rule 32(f)and **5th Cir. R. 32.1.**

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using **Microsoft Word** in **Times New Roman**, 14-point font.

S/Valerie Prevost
Plaintiff Valerie Prevost, Pro Se
13538 Forest Gully
Houston, Texas 77067
Phone: 832.297.9379
Email: vprevost1@yahoo.com
Attorney for Plaintiff-Appellant Pro Se
