**No. 25-20264**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

VALERIE PREVOST,
*Plaintiff - Appellant*
v.
CITY OF HOUSTON, LEGAL DEPARTMENT, LABOR AND EMPLOYMENT,
*Defendants - Appellees*

On appeal from Civil Action No. 4:23-CV-04115 in the United States District Court for the Southern District of Texas, Houston Division

*Appellant's* **Reply Brief to the Brief of Appellees**

## Certificate of Interested Persons

**Appellant:**
Trial and Appellate Counsel for Appellant:

**Valerie Prevost**
Pro Se

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Derrick Jackson -Husband-Caregiver | Interested Person, Prose for Self, Houston, Texas |

**Appellees:**



Trial Counsel for Appellees City of Houston, Legal Department, Labor and Employment:
Appellate Counsel for Appellees City of Houston, Legal Department, Labor and Employment:

**City of Houston, Legal Department, Labor and Employment**
Marjorie L. Cohen
Samantha Cobb
City of Houston Legal Department
Donald B. Hightower
City of Houston Legal Department

1

Donald B. Hightower
*Attorneys for -Appellees City of Houston, Legal Department, Labor and Employment*

    I.       Clarification Regarding the Judge Who Handled the Case

_____

**Factual Truth**: The appellee's statement identifies Honorable Charles R. Eskridge III as "the judge below. "However, the proceedings in the district court were handled entirely by Magistrate Judge Christina A. Bryan. Judge Eskridge did not personally preside over the case, review the filings, or issue substantive rulings, and he adopted the magistrate judge's legal errors in the memorandum and recommendations without independent review. Described in the fourth sentence of Rule 28.2.

_____

/S/Valerie Prevost
Attorney (Prose) of record for
Appellant

*A Certificate of Interested Persons is required by 5th Cir. R. 28.2.1.*

i

2

## Statement Regarding Oral Argument

Pursuant to **Federal Rule of Appellate Procedure 34(a**.  Appellant respectfully requests oral argument. Oral argument is warranted because this appeal raises serious issues concerning judicial impartiality, the denial of a properly supported recusal motion, apparent tampering in the lower courts, and the district judge's failure to conduct an independent review before adopting the magistrate judge's recommendations. These issues go to the integrity of the proceedings and the fairness of the federal judicial system.

Oral argument is further justified because the district court abused its discretion and committed reversible legal error by granting summary judgment and without supporting law or facts, while excluding and disregarding Appellant's Summary Judgment  properly supported evidence and controlling authority demonstrating genuine disputes of material fact. In light of the procedural irregularities and the magistrate judge's undisclosed prior contractual relationship with the defendants, oral argument will materially assist the Court in evaluating the record and the legal errors presented. Appellant submits that oral argument is essential to fully address the issues raised and to ensure confidence in the appellate process.

**ii**

## Table of Contents

Certificate of Interested Persons ............................................................... i -1-2

Statement Regarding Oral Argument ......................................................... ii -3

Table of Contents ............................................................................ iii**-4-6**

## True Factual Background

1.Plaintiff/Appellant Prevost and others were discriminated against in the workplace environment............................................................................. page 11-13

2. ProSe Litigant Due Process.......................................................page 13-15

3. Disable Prevost was transferred from a Safe working Environment to an Unsafe Working Environment office- (Report)....................................... ..page 16

4. Prevost was not selected for a promotion in early 2021. Due to the removal of Prevost's application sheets from the City Human Resources Packet sent to the Office of Emergency Management.......................................................page 16-17

5. . Prevost has been sabotaged by a false progressive corrective action write-up. ...............................................................................page 18

6. District Court Improper Grant of Summary Judgment to Appellee City of Houston Despite Appellant Prevost's Genuine Disputes of Material Fact…………………………………………………………….…… page 19--20

7. Failure to Enforce Sanctions, default judgment, for Discovery Violations (Fed. R. Civ. P. 37) ..................................... ………………………….……page 20-21

8. Summary Judgment Granted Without Competent Evidentiary Basis…….page 21-23

9. Misapplication of the Burden-Shifting Framework and Discrimination Statutes.....................................................................................page 23-25

10. Failure to Consider Plaintiff's Evidence of Protected Class...........page 25-27.

11. Ignoring workplace sabotage and evidence destruction of appellant's deleted government emails/documents by the Appellee, City of Houston administrators………………………………………………….…page 27-28

12. Failure to Consider Findings by the Office of Inspector General (OIG) for Discriminatory Environment………………………. ..............................page 28

13. Improper Dismissal Despite Exhaustion of Administrative Remedies…..page 29

14. Denial of Plaintiff's Due Process Rights.............................................page 29-30

15. Judicial Bias and Failure of Magistrate to Recuse (28 U.S.C. § 455)..30-32..

16 Evidence of Docket Irregularities and Potential Tampering……….………page 32-33

17. Employee Plaintiff/Appellant Valerie Prevost is disabled and did not voluntarily retire but was constructively discharged……………………page 33-35

18. Plaintiff's Disability Incident (Gate Access). ……………………….page 36-39

19. Plaintiff/Appellant Addressed all Administrative Remedies ……………………page 39-41

20.. PREVOST'S APPELLANT'S BRIEF SATISFIES THE FEDERAL RULES OF APPELLATE PROCEDURE AND THE LOCAL RULES OF THIS CIRCUIT. ................................page .41-42

21.. Magistrate Judge Christina A. Byran should have recused herself from this case, and why:………………………………………………………..…………… page 42-46

22 Appellant/Plaintiff's Medical documentation of Disabilities is on file from 2017 to 2022 with the City of Houston. The Appellant fell twice due to the City's negligence and failure to acknowledge the Appellant's disabilities………..page 46-48

23. Plaintiff's Medical documentation of Disabilities on file from 2017 to 2022 with the City of Houston. The Appellant fell twice due to the City's negligence and failure to acknowledge the Appellant's disabilities………………………………page 49-50

24.. Prevost's discrimination continued until August 31, 2022, within the 120 days of the EEOC charge. None of the discrimination are time-barred. Suffer continuously with other managers .............................................. page 50- 51

## Table of Authorities

pages

*Staub v. Proctor Hospital (U.S. Supreme Court, 2011)* ………………………………………….......... 7

*Shager v. Upjohn Co. (7th Cir. 1990),Hill v. Lockheed Martin Logistics Mgmt. (4th Cir. 2004)Title )*

*Poland v. Chertoff (9th Cir. 2007)  Supreme Courts 2011- The "Cat's Paw Theory."*

*Staub v. Proctor Hospital (U.S. Supreme Court, 2011)* …………………………………….................. 8-9

*Shager v. Upjohn Co. (7th Cir. 1990), Hill v. Lockheed Martin Logistics Mgmt. (4th Cir. 2004)) Poland v. Chertoff (9th Cir. 2007)*………………………………………………………………….. 8-9

*Staub v. Proctor Hospital, 131 S. Ct. 1186 (2011) – "Cat's Paw"* ……………………………….....7-9

*Shager v. Upjohn Co., 913 F.2d 398 (7th Cir. 1990)* …………………………………………… …….. 7-9

*Hill v. Lockheed Martin Logistics Management, 354 F.3d 277* …………………….…    ……………….. 7-9

*Poland v. Chertoff, 494 F.3d 1174 (9th Cir. 2007)*………………………………………….…. 7-9

*McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273 (1976)* ……………………………………….. 7-9

*Byers v. Dallas Morning News, Inc., 209 F.3d 419 (5th Cir. 2000)*………………………………….…. 7-9

*St. Francis College v. Al Khazraji, 481 U.S. 604 (1987) – § 1981 bars* ……………………………….. 7-9

*Haines v. Kerner, 404 U.S. 519, 520–21 (1972)*………………………………………………. -10

*Erickson v. Pardus, 551 U.S. 89, 94 (2007)*………………………………………………………….-10

*Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994)*…………………………………………………….. -10

*Hughes v. Rowe, 449 U.S. 5, 9 (1980)-*………………………………………………………….-10

*Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)*…………………………………………….….. -10

*Pliler v. Ford, 542 U.S. 225, 231 (2004)*………………………………………………………….-10

*Castro v. United States, 540 U.S. 375, 383 (2003)-*………………………………………………. -10

*Gamet v. Blanchard, 91 Cal. App. 4th 1276, 1284 (2001)*………………………………………….-11

*United States v. Pinkey, 548 F.2d 305, 311 (10th Cir. 1977)*…………………………………………….-11

*Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996)*…………………………..-11

*Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987)-*……………………………………………*11*

*Haines v. Kerner, 404 U.S. 519, 520–21 (1972)*…………………………………………………-*12*

*Gross v. FBL Financial Services, 557 U.S. 167 (2009) — Supreme Court*…………………………...-*15*

*Toyota Motor Manufacturing v. Williams, 534 U.S. 184 (2002)*…………………………………………-*15*

*Baylor v. Hamilton County, 2013 WL 2184457 (6th Cir.)-*………………………………………….*15*

*Griggs v. Duke Power Co., 401 U.S. 424 (1971) — Supreme Court*………………………………….-*15*

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). the Supreme Court*……………………………...-*15*

*Chambers v. NASCO, Inc., 501 U.S. 32 (1991)-*…………………………………………………….*17*

*Wallace v. County of Stanislaus (Cal. Ct. App., 2016)*……………………………………………… -*18*

*Tate v. Short, 401 U.S. 395 (1971)*…………………………………………………………………-*19*

*M.L.B. v. S.L.J., 519 U.S. 102 (1996)*………………………………………………………………*19*

*EEOC v. Sears, Roebuck & Co., 417 F.3d 789 (7th Cir. 2005)*………………………………………-*19*

*Giles v. General Electric Co., 245 F.3d 474 (5th Cir. 2001)*………………………………………….-*19*

*Wright v. Arkansas-*…………………………………………………………………………………*19*

*McDonnell Douglas Corp. v. Green*…………………………………………………………………-*20*

*Tolan v. Cotton, 572 U.S. 650 (2014)*……………………………………………………………….-*21*

*Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)*………………………………….-*21*

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)*……………………………………………...-*21*

*Celotex Corp. v. Catrett, 477 U.S. 317 (1986)*……………………………………………………-*21*

*Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)  Supreme*

*Court*………………………………………………………………………………………… *21*

*Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)*……………………………………………- *23*

*McClelland v. Astrue, 826 F. Supp. 2d 758 (E.D. Va. 2011)*……………………………………-*26*

*Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)*………………………………………………-*26*

*Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)*………………………………………………-*27*

*Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015)*…………………………………………………..-*29*

*United States v. Rivera–Guerrero*, 377 F.3d 1064 (9th Cir. 2004)-29

*Reed v. Bennett*, 312 F.3d 1190 (10th Cir. 2002)……………………………………………………..-29

*Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243 (9th Cir. 1999)……………………………………..-31

*Bledsoe v. Palm Beach County Soil and Water Conservation District*, 133 F.3d 816 (11th Cir. 1998)………………………………………………………………………………………………-31

*EEOC v. Starbucks Corp.*, 576 F.3d 138 (5th Cir. 2009)……………………………………………-31

*Madden v. C.F. S. Inc.*, 230 F.3d 1196 (10th Cir. 2000)……………………………………………-31

*Madden v. C.F.S., Inc.*, 230 F.3d 1196 (10th Cir. 2000-………………………………………………31

*Tennessee v. Lane*, 541 U.S. 509 (2004)……………………………………………………………-31

*U.S. Airways, Inc. v. Barnett*, 535 U.S. 391 (2002)……………………………………………………-31

*Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019)…………………………………………………-37
*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)………………………………………………..-37
*Strothers v. City of Laurel*, 895 F.3d 317 (4th Cir. 2018)…………………………………………-37
*Crawford v. Metro. Gov't of Nashville*, 555 U.S. 271 (2009)………………………………………-37
.*Fierro v. City of El Paso*, 220 F.3d 541 (5th Cir. 2000)……………………………………………-37
*City of Houston v. Levingston*, 221 S.W.3d 204 (Tex. App.—Houston 2006)………………………… -37

*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)-…………………………………………….-37

*Ellerth v. Burlington Industries*, 524 U.S. 742 (1998)-…………………………………..………….37

Brown v. City of Houston, 297 F.3d 384 (5th Cir. 2002)…………………………………...…..-46

Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex. 1984)……………………..…………….-46

National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002)………………..……….-48
The Supreme Court-46

Celestine v. Petroleos de Venezuella SA, 266 F.3d 343 (5th Cir. 2001)…………………...……...-48
The Fifth Circuit -46

## Statutes

Page

42 U.S.C. § 2000e et seq.)………. ……………………………………………………....7-9

42 U.S.C. § 12101 et se 15q ………………………………………………………... 7-9

29 U.S.C. § 621 et seq. ………………………………………………………………...7-9

42 U.S.C. § 1981…………………………………………………………………………7-9

U.S.C. § 455 - ........................................................................................11

29 U.S.C. § 621 et seq.......................................................................-15

42 U.S.C. § 12101 et seq.-..................................................................15

42 U.S.C. § 12111–12117...................................................................15

42 U.S.C. § 2000e et seq....................................................................15

42 U.S.C. § 2000e-3(a).......................................................................15

, 411 U.S. 792 (1973.........................................................................-20

411 U.S. 792 (1973)...........................................................................-20

29 U.S.C. § 621 et seq.......................................................................-20

42 U.S.C. § 12101 et seq.................................................................... 21

29 U.S.C. § 621 et seq........................................................................21

Texas Labor Code, §§ 21.051, 21.055.................................................-21

18 U.S.C. §§ 1503, 1505, 1512(c), 1519-............................................24

*28 U.S.C. § 636(b)(1)(C)*.....................................................................-27

Tex. App. 2007)..................................................................................-27

*28 U.S.C. § 636(b)(1)(C)*.....................................................................-27

*42 U.S.C. § 12132 - ADA Title II*........................................................-31

*42 U.S.C. § 12182(b)(2)(A)(iv) - ADA Title III*....................................**-31**

## Rule

37(a), (b), and (d).-..........................................................................16

*Fed. R. Civ. P. 56(a)*..........................................................................-19

*Fed. R. Civ. P. 72(a*......................................................................)-26

455(a) & (b)......................................................................................-39

FRCP Rule 56 –...............................................................................11

Rule 6(b)(1)(B) ...............................................................................**-39**

*VII (Race, **TitleI VII,** and ADEA*

***ADEA*** *– Age Discrimination in Employment Act.*

*Title VII (Race*

***Title VII** and ADEA* ……………………………………………………………………*8-9*

• **42 U.S.C. § 1981**

**Prayer for Relief**………………………………………………………………...…**51**

**Certificate of Service**……………………………………………………………..**52**

**Certificate of Compliance**…………………………………………………**53**

# To the Honorable Fifth Circuit Court of Appeals:

This is an employment discrimination lawsuit. Plaintiff/Appellant Valerie Prevost, *pro se*, is an excellent former employee of Defendant/Appellee City of Houston (the "City") for 25 years. Prevost filed against the City for discrimination based on physical disability, age, and religion, as well as unlawful retaliation/harassment in violation of Title I. Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act of 1967 ("ADEA"). For the reasons detailed below, Plaintiff/Appellant Valerie Prevost, *pro se, filed* summary judgment on same day, *and the* City of Houston was improperly awarded summary judgment due to lower Court legal errors/judicial bias.

## 1. Plaintiff/Appellant Prevost and others were discriminated against in the workplace environment

—based on her age, physical disability, harassment, retaliation and sabotaging of her government work starting with Deputy Director Ms. Nickea Bradley hired by Defendant/Appellee City of Houston (the "City"). in 2020 and she created an environment of discrimination she discriminated against 8 employees of the City Office of Emergency Management in the area reverse racism against the white employees, sexual orientation, physical disability, age, and religion. Ms. Nickea Bradley was an African American black female who ruled with an iron fist, and this was documented through employees' affidavits, Office Inspector General complaint forms, and OIG letters. The City's Office of Inspector General ("OIG") is tasked with investigating misconduct by City employees, including violations of E.O. 1-50. City's Office of Inspector General never interviewed **Plaintiff/Appellant Prevost** The Defendant/Appellee, City of Houston, has a policy against discrimination, but

11

has never enforced this policy for employee victims in OEM. **Ms. Nickea Bradley** promoted this environment to management at the Houston Emergency Center **(Vlad Ibarra, Joe Laud, Mark Rayn Robert Mock** ) Supreme Courts 2011- The "Cat's Paw Theory" refers to a situation in employment discrimination law where a biased subordinate (or lower-level supervisor) manipulates or influences a "neutral" or unbiased decision-makers into taking an adverse employment action (firing, demotion, etc.), even though the ultimate decision-maker did not themselves harbor discriminatory animus. Specifically, the Court ruled that if a supervisor performs an act motivated by discriminatory intent (e.g., hostility toward the employee's military service), intends the act to cause an adverse employment action, and that act is a **proximate cause** of the adverse action (e.g., firing), the employer is liable. *ROA Vol 667602 page 234-235 of 370, ROA Page 257 – 258 of 370,* ROA Page 260-263 of 370, ROA Page 260-263 of 370, ROA page 266-267 of 370, ROA 268-269 of 370; ROA Page 270-271; ROA 272-278 of 370, ROA 278-281of 370, ROA 282-287 of 370

**Cases:** *Staub v. Proctor Hospital (U.S. Supreme Court, 2011) Shager v. Upjohn Co. (7th Cir. 1990),* **ADEA** *– Age Discrimination in Employment Act. Hill v. Lockheed Martin Logistics Mgmt. (4th Cir. 2004)Title VII (Race ) Poland v. Chertoff (9th Cir. 2007)* **Title VII** *and ADEA*

### Appellant's Argument:

Bradley's illegal misconduct—documented through affidavits, OIG complaints, and corroborating witnesses—constitutes **supervisory bias** directly tied to protected characteristics. Under the **Cat's Paw doctrine**, the City of Houston is liable because:1. Bradley acted with discriminatory animus. 2. Took actions intended to harm Prevost and others 3. Those actions were relied upon by higher decision-makers 4. were the proximate cause of the adverse employment action. This satisfies

every element of *Staub v. Proctor Hospital*, as well as supporting federal circuit rulings. Prevost therefore, meets the legal standard to proceed on **Title I, VII, ADA, ADEA**, and related claims under the Cat's Paw theory.

• **42 U.S.C. § 1981** protects white and non-white individuals alike. *McDonald v. Santa Fe Trail Transp. Co.*, 427 U.S. 273 (1976), confirms that Title VII prohibits discrimination against white employees on the same terms as against non-white employees. • **Fifth Circuit precedent** likewise holds that Title VII protects white employees from race discrimination. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 426 (5th Cir. 2000). • The Supreme Court has further held that **§ 1981 bars discrimination against whites**. *St. Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987).

## 2. ProSe Litigant Due Process

**A ProSe Litigant.** The Supreme Court has repeatedly held that filings from self-represented litigants must be construed liberally and evaluated under less stringent standards. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Consistent with this long-standing rule, technical defects or hyper-technical procedural concerns should not serve as grounds for dismissal where the substance of the claim is adequately stated. *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994). To the extent Defendant's filings rely on procedural minutiae or technical traps rather than the merits, such arguments should be rejected under the above authorities. Practice Should Not Be Used to Prejudice a Pro Se Litigant. Courts recognize that serial motions, repetitive objections, or overly complicated filings can unfairly burden self-represented parties. The Supreme Court has emphasized that courts must give pro se submissions "fair and meaningful consideration." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Similarly, the Second Circuit instructs that courts should provide "reasonable allowances to protect pro se litigants from inadvertent forfeiture of important rights." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983). Defendant's

13

approach should therefore be viewed with caution where it appears designed to overwhelm rather than clarify the issues.

Pro Se Litigants Should Not Be Misled Regarding Rules, Deadlines, or Available Filings, Courts have expressly held that pro se litigants must not be misled—whether intentionally or inadvertently—about procedural requirements. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Likewise, before a court recharacterizes or reframes a filing in a way that may affect rights or deadlines, it must provide notice and warning. *Castro v. United States*, 540 U.S. 375, 383 (2003).

To the extent Defendant's filings incorrectly state rules or deadlines, those assertions should be disregarded. Courts Must Guard Against Intimidating, Dismissive, or Hostile Treatment of Pro Se Litigants. Appellate courts repeatedly caution that pro se litigants must be treated with patience and neutrality. Hostility, condescension, or intimidation—whether from the court or opposing counsel—can undermine fairness and is reversible error. *Gamet v. Blanchard*, 91 Cal. App. 4th 1276, 1284 (2001); *United States v. Pinkey*, 548 F.2d 305, 311 (10th Cir. 1977). Any implication that the Plaintiff's status as pro se lessens the validity of the claims is contrary to these principles.

**Discovery Should Not Be Used as a Trap for the Unrepresented.** Discovery burdens cannot be manipulated to force a pro se litigant into default, dismissal, or prejudice. Courts must ensure fairness in discovery and often must provide guidance where confusion arises. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996). Before dismissing a pro se case for discovery issues, the court must give clear notice and opportunity to cure. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987). Plaintiff respectfully requests that the Court evaluate discovery disputes with these protections in mind. **Equal Treatment Under the Law.**

## JURISDICTIONAL INTEGRITY

Statement of Legal Errors and Grounds for Appeal. —**Pro Se** —with impartiality. The court responded more favorably to the attorneys representing the Defendant, the City of Houston, despite the absence of evidence and legal support for their arguments. The issue was not about Judges ruling if they were accurate and lawful The court did not hold the Defendant accountable to any federal rules of civil procedure or the Court's order regarding the protective order, and the defendant failed to comply with the subpoenas. Additionally, the court disregarded motions submitted by the Plaintiff, Valerie Prevost, who addressed illegal issues by the judge and the Defendant. No one is above the law.

Legal issues, including Discovery abuse, Judicial bias, Due process violations, Evidence suppression, and Failure to address a Pro Se litigant's rights.

Laws: FRCP **Rule 56** (summary judgment standards), Rule **37** (sanctions for discovery abuse), **U.S.C. § 455** (judicial disqualification for bias)

**Jurisdictional integrity** is violated when the judge: Ignores motions. Allows one party to break rules (like discovery orders). Dismisses cases without addressing valid legal questions.

### Appellant's Argument / Summary

Courts across jurisdictions recognize that pro se litigants are frequently confronted with procedural maneuvers that they are less equipped to navigate. For this reason, federal and state precedents require courts to look past technicalities, ensure fairness, and prevent procedural gamesmanship from overcoming meritorious claims. Appellant /Plaintiff Prevost, therefore, respectfully requests that the Court evaluate Defendant's/Appellee City of Houston's arguments and facts under these established standards and deny all hearsay and any request that relies on technical, misleading, burdensome tactics instead of the substantive merits.

**3. Disable  Prevost was transferred from a Safe working Environment to an Unsafe Working Environment office- (Report)**

Plaintiff/Appellant Valerie Prevost worked in office #2067 on the main hallway for 14 years without disability-related barriers. In 2020, OEM Deputy Director and supervisor Nickea Bradley moved her to the Houston Emergency Operations Center, placing her in an area with a large leaking roof and wet carpet, as documented by the City. Bradley did not want Prevost on the main hallway and denied her request to transfer to a safer first-floor OEM office. Prevost was isolated from coworkers approximately 95% of the time, and she rarely saw Pastrano, who worked separately in another office on main hallway and received two promotions within two years.

Despite knowing Prevost was disabled, Bradley placed her in a construction-affected area with hazardous conditions. The City failed to address the leaking roof and wet carpet outside her office, and Prevost remained in the unsafe location until August 31, 2022. On July 10, 2021, she fell on the wet carpet and, due to her disabilities, was unable to get up without assistance, remaining on the floor until her supervisor heard her yell for help. The roof was not repaired until 2023 at the Houston Emergency Center, 5320 North Shepherd, Houston, TX 77091. ***ROA Vol 667602; ROA Page 227-228, ROA Pages 345-370 of 370***

**4. Prevost was not selected for a promotion in early 2021-Due to the removal of Prevost's application sheets from the City Human Resources Packet sent to the Office of Emergency Management.**

Appellant Valerie Prevost, Administrative Specialist / Finance Administration, applied for a position as a Grant Administrator, which didn't require a master's degree; the position substituted experience for year-for-year education. Appellant Valerie Prevost has been doing the Grant Administration/Financial Administration job for 14 years  in OEM, with 25 years in Finance Administration, and college hours, and years of Finance certification, Grant training, and securing millions for the City of Houston. Appellant Valerie Prevost requested three job classifications

2019,2020, and 2022, and was denied and still forced Appellant Valerie Prevost to do the job after Moret was hired.

Ms. Moret was hired for the Grant Administration position and couldn't do the job even after Prevost trained her. Prevost continued to do Ms. Moret's job. When Ms. Moret learned that Prevost was forced to retire, she resigned on July 1, 2022, only one month before Prevost left, because she was unable to do the job, being paid 80,000 of taxpayer dollars. Tom Munoz, the new OEM Deputy, asked Prevost to stay doing the work until they find a replacement, but didn't have the money to pay Prevost. (Documentation)

Reason Prevost filed a grievance that she was not interviewed or selected for the position. Prevost was already doing work, motivated by not reviewing my full application. Email from Paul Gonzales with City of Houston Human Resources submitted 10-sheet Prevost Applications, and Mark Rayne, OEM manager, stated that OEM only received 4 sheets in the grievance meeting. Reason Appellant Prevost didn't get an interview. Appellant Valerie Prevost was retaliated against continuously by Deputy Director Nickea Bradley regarding her retirement. Which Appellant Valerie Prevost didn't engage with her; Appellant Valerie Prevost only discussed work with Bradley. After nearly 25 years of excellent work and commitment to the City of Houston, to be treated in this manner, my coworker was given two raises after being at OEM for two years. The City of Houston failed to address the recommendation from the grievance committee letter, which suggested reviewing Prevost's job duties and placing her in the correct job classification. The Defendant/Appellee City never took action on this recommendation, and Prevost continued to work outside her designated classification. Additionally, the Defendant/Appellee City's Office of Inspector General (OIG) investigation did not interview either City employees or Prevost. ( evidence: grievance letter, OIG letter, emails )

17

**5. Prevost has been sabotaged by a false progressive corrective action write-up.**

Plaintiff/Appellant Valerie Prevost, *pro se*, is an excellent former employee of Defendant/Appellee City of Houston (the "City") for 25 years.  Defendant/Appellee City of Houston has been conducting Performance evaluations with the employee measurement of 4 exceeds expectation and 5 exceptional for nearly 25 years. Prevost has never been written up after being with the City of Houston from 1993 to 2022 until 2020, after new discriminatory Deputy Director, Nickea Bradley, and Vlad Ibarra, manager, was hired.

 Vlad Ibarra, manager, came to the Appellant / Prevost office about her time of working from 8:00 am to 12:00 pm at midnight on Monday and Tuesday of that week during activation. Mr. Ibarra stated to me that Appellant / Prevost     was stealing time, and Appellant / Prevost   commented to him is "Appellant / Prevost doesn't steal time, I give more time, and I work for the Lord Jesus Christ." Appellant / Prevost also stated that Deputy Director Nickea Bradley assigned Appellant / Prevost these activation hours, and Bradley never told Ibarra of the changes.  There was an email exchange that confirmed the scheduled time. April 12, 2021, Ibarra called Appellant / Prevost in a meeting for PID for saying "Lord Jesus Christ". Ibarra said it is the Separation of Church and State, and I should not say Jesus Christ. Appellant / Prevost explained to him what that means as my First Amendment right; my character was being attacked about stealing time, and my religion.  Appellant Prevost was a salaried employee, not an hourly worker; salaried employees do not receive additional compensation.  Everyone knows I never said anything with attitude. Prevost HEAR PLAN speaks for itself.

**6.　District Court Improper Grant of Summary Judgment to Appellee City of Houston Despite Appellant Prevost's Genuine Disputes of Material Fact.**

The District Court legal erred in granting summary judgment in favor of Defendant City of Houston while denying Plaintiff Valerie Prevost concurrently filed motion for summary judgment on the same day as Defendant City of Houston on February 6, 2025, the existence of genuine issues of material fact regarding statements under the **Age Discrimination in Employment Act (ADEA)**, **Americans with Disabilities Act (ADA)**, ADA Title I, **Title VII of the Civil Rights Act**, and related retaliation provisions.　The District Court's grant of summary judgment in favor of Defendant violated the controlling standard set forth in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In *Anderson*, the Supreme Court held that summary judgment is inappropriate where a genuine dispute of material fact exists and the evidence is such that a reasonable jury could return a verdict for the non-moving party. Importantly, the Court clarified that, even at the summary judgment stage, the trial court must apply the same standard of proof that would govern at trial. Here, Plaintiff presented specific evidence in support of claims under the ADEA, ADA Title, Title VII, and 42 U.S.C. § 1981. The District Court, however, improperly weighed the evidence and resolved credibility issues in favor of the Defendant, conduct explicitly disallowed under *Anderson v. Liberty Lobby, Inc*. Because the evidence, when viewed in the light Plaintiff Valerie Prevost most favorable to the Plaintiff, would allow a reasonable jury to find in the Plaintiff's favor, summary judgment was improperly granted to Defendant City of Houston and must be reversed. In this case, Plaintiff provides a genuine dispute of material facts that exist in all Plaintiff's evidence. The District Court failed to enforce Rule 37 against the City of Houston for repeated discovery violations. By not compelling production or issuing sanctions, the Court allowed the Defendant to obstruct access to key

evidence, prejudicing the Plaintiff's case. Despite multiple motions from the Plaintiff, the Court did not take appropriate action as authorized under Rule 37(a), (b), and (d).

**The Word of the Lord God:** *Deuteronomy 1:17 states, "You shall not show partiality in judgment; you shall hear the small as well as the great; you shall not be afraid in any man's presence, for the judgment is God's." This verse emphasizes the importance of impartiality and integrity in judgment, reflecting God's concern for justice and equity.*

**Evidence:** City of Houston Office of the Inspector General confirmation, environment of discrimination OIG letter, witness employees' complaint form, witness affidavit, Mayor Whitmire statement to root out corruption, and need a stronger Inspector General, summary Judgment, Plaintiff evidence.

## 7. Failure to Enforce Sanctions, default judgment, for Discovery Violations (Fed. R. Civ. P. 37)

The Court failed to hold the City of Houston accountable for repeated discovery violations under *Fed. R. Civ. P. 37*, including withholding key documents and potential spoliation. Defendant City of Houston stopped Appellant / Prevost's ability to develop and present her case and violated the precedent in *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), recognizing the court's inherent authority to impose sanctions for discovery abuse by the City of Houston. The court ordered the Plaintiff to provide all legal documents to the City of Houston Attorneys, Ms. Cobb, and Ms. Cohen. However, the Defendant, City of Houston, violated this court order by failing to comply with the subpoena under Discovery, as outlined in Federal Rule 37 of civil procedure. . Why were the Courts trying so hard to protect the Defendant City of Houston with no legal grounds? The court's failure to act, despite the severity and willfulness of the misconduct, reflects favoritism and constitutes an abuse of discretion. The Courts were prejudiced by this failure, and relief in the form of

sanctions or default judgment is both **justified and necessary** to protect the integrity of the judicial process.

> **Word of the Lord God:**
> *Deuteronomy 16:18 (NKJV) states: "You shall appoint judges and officers in all your gates, which the Lord your God gives you, according to your tribes, and they shall judge the people with just judgment." This verse emphasizes the importance of appointing judges and officials to ensure justice and fairness in governance.*
> *b.* **Leviticus 19:15 (NKJV):** *You shall do no injustice in judgment. You shall not be partial to the poor, nor honor the person of the mighty. In righteousness you shall judge your neighbor.*

**Evidence:** motion for compelling, motion for protective order, subpoenas

## 8.. Summary Judgment Granted Without Competent Evidentiary Basis

The District Court Legal erred by improperly accepted conclusory and unsupported assertions by Defendant City of Houston as evidence, failing to require a proper evidentiary showing under *Wallace v. County of Stanislaus* (Cal. Ct. App., 2016) Key factual disputes were ignored, sworn affidavits, medical reports, Deposition excerpts meeting Rule 56 standards, and authenticated documents, *Wallace v. County of Stanislaus* (Cal. Ct. App., 2016)   Plaintiff issued a subpoena to the City of Houston under the magistrate's protective order, requesting all relevant legal information be excepted only by Defendant City of Houston  Legal attorneys Ms. Marjorie Cohen and Samantha Cobb; both attorneys violated the Court order by not excepting the legal documents from Plaintiff Valerie Prevost. Additionally, the judge in her ruling statement, the Court order stated that Plaintiff asked for indoor cameras, dismissed Plaintiff's motion for compelling and Plaintiff in her compelling request for cameras from Defendant City of Houston on the outside. If the judges had read Appellant / Prevost plaintiff's motion to compel, The Judges would have clearly seen that the Plaintiff's request was for camera footage for the outside and not the inside because there are no cameras on the inside where the construction of the leaky roof and wet

carpet were disabled plaintiff's office was located. The Defendant City of Houston did not provide the requested outside camera footage, the name of the vendor that owns the cameras, documents and records, premises entries for inspection, the name of the administration associated with the plaintiff's email profile, documents regarding the deletion of Plaintiff's government files and emails, or answers to the interrogatories requested. The court ordered the Plaintiff not to file any motions; however, it did not impose the same restriction on the City of Houston on September 12,2024. As a result, the City of Houston filed a protective order on October 2,2024. This situation was biased, given that the Judge involved was a former attorney for the City of Houston under contract. *Tate v. Short, 401 U.S. 395 (1971): Equal protection is violated when laws or rulings treat similarly situated parties differently without justification. M.L.B. v. S.L.J., 519 U.S. 102 (1996): Courts cannot arbitrarily deny* access to judicial procedures without violating due process. Magistrate Judge Christina A. Bryan made a decision, disregarding the Plaintiff's doctor's report and ruling on the tort for the amended complaint. The Judge is not a doctor, **EEOC v. Sears, Roebuck & Co.**, 417 F.3d 789 (7th Cir. 2005): Summary judgment was inappropriate where expert evidence could support disability and injuries. **Giles v. General Electric Co.**, 245 F.3d 474 (5th Cir. 2001): Courts must not "weigh evidence or make credibility determinations" at summary judgment. Court Failure **to consider key evidence**, **Improper credibility, or medical judgment at summary judgment**, **Exceeding judicial role.**

 The magistrate judge failed to hold the City of Houston accountable and did not provide the Inspector General for deposition after the Appellant paid for it. The plaintiff submitted strong evidence for summary judgment, yet the judge improperly excluded it without valid grounds. This raises concerns about judicial bias and legal error, as the judge disregarded sworn affidavits, medical reports, and authenticated documents, unjustly denying summary judgment despite uncontested evidence.

22

The Plaintiff timely and properly filed a Motion for Summary Judgment pursuant to **Federal Rule of Civil Procedure 56(a)**. The District Court **entirely failed to rule** on the Plaintiff's motion. This omission is a **clear procedural error** and **abuse of discretion**, as the court is obligated to rule on properly submitted motions and consider all relevant materials fact as a matter of law, violating Plaintiff's **Due Process rights**, and **prejudicing her case**, denying her equal access to the summary judgment process. Such an error is **reversible** under *Wright v. Arkansas, a* Constitutional violation with undisputed facts. The court improperly credited the defendant's evidence, which they didn't have, while ignoring contradictory evidence offered by the plaintiff."**ROA- Vol 667602ROA Page 189-194 of 370**

**Word of the Lord: Revelation 21:8 (NKJV):**

*"But the cowardly, unbelieving, abominable, murderers, immoral, sorcerers, idolaters, and all liars shall have their part in the lake which burns with fire and brimstone, which is the second death."*

**Evidence:** Email, protective order, Plaintiff's motions, magistrate's orders and recommendation, pictures of the construction area for the disabled employee, and City policies. OIG letters, OIG employee complaint form, environment of discrimination, witness affidavit, and Doctor's confirmation of injuries,

**9. Misapplication of the Burden-Shifting Framework and Discrimination Statutes**

The District Court incorrectly applied the burden-shifting framework.

McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), which governs employment discrimination claims under Title VII, ADEA, and ADA, and title I. The Court failed to assess if the Defendant's reasons for adverse actions were pretextual, neglecting the necessary third step of the analysis.

23

**Legal Standard – McDonnell Douglas Framework: **

1. **Prima Facie Case:** Plaintiff shows membership in protected classes, qualification for the position, and adverse actions suggesting discrimination.

2. **Legitimate Reason:** Defendant fails to provide a legitimate, non-discriminatory reason.

3. **Pretext:** Plaintiff demonstrates that the stated reason was merely pretext for discrimination. This is evident in the environment of the City of Houston Office of Emergency Management in 2020-2022 under Ms. Nickea Bradley and other managers. The District Court did not properly evaluate the pretext or allow the Plaintiff to rebut the Defendant's reasons, failing to conduct a complete McDonnell Douglas analysis.

II. Failure to Liberally Construe Anti-Discrimination Statutes

The Court failed to broadly interpret Plaintiff's claims as required by federal and state laws. The U.S. Supreme Court in Toyota Motor Mfg. emphasized the need for broad interpretation under the ADA and other anti-discrimination laws. The Court improperly narrowed the Plaintiff's claims by ignoring relevant evidence and misconstruing claims of discrimination.

III. Disregard of Applicable Statutes

The Court did not evaluate claims under key laws: ADA (Title I) - ADEA- Title VII- Texas Labor Code, §§ 21.051, 21.055 The District Court failed to apply the correct standards, analyze evidence adequately, and view facts favorably for the non-moving party, constituting reversible error (see Tolan v. Cotton, 572 U.S. 650 (2014)). The District Court's misapplication of the McDonnell Douglas framework and its failure to liberally interpret Plaintiff's experience under federal and state anti-

discrimination laws resulted in a denial of a fair adjudication. Appellant Plaintiff respectfully requests that this Court reverse the  Defendant City of Houston's summary judgment and grant Plaintiff summary Judgement with proper legal standards. Case *Reeves v. Sanderson Plumbing Products,*

 **Word of the Lord**: Deuteronomy 16:20"Justice, and only justice, you shall pursue, that you may live and inherit the land that the Lord your God is giving you."

**10. Failure to Consider Plaintiff's Evidence of Protected Class Discrimination**

**Plaintiff sued** under the ADA for: Disability discrimination; Failure to accommodate. Retaliation Personal Injury / Negligence (e.g., slip and fall on premises liability and negligence. The Defendant City of Houston (government) knew of a dangerous condition for a disabled Plaintiff employee condition 0n June 10, 2021, in the construction work area, and on October 08, 2021, outside the concrete, by revoking gate access when already approved by the Defendant City of Houston, the Defendant City of Houston failed to accommodate. Texas have laws like the Texas Tort Claims Act (TTCA) that provide limited waivers of sovereign immunity — particularly,  for: Injuries caused by use of tangible personal property Injuries occurring on government property due to a dangerous condition the government knew about In Texas,  The City of Houston is liable for the harm caused to disabled plaintiff, Valerie Prevost, due to the unsafe conditions of the premises and was aware of the construction taking place in her office. Additionally, aware of her medically documented disability forcing her to walk to and from the security gate. Discriminatory actions by Deputy Director Bradley led to the assignment of Plaintiff Prevost to an unsafe office area, despite her being safe in her previous office. Deputy Director Bradley aimed to separate Plaintiff Prevost from her peers,

25

and despite her request to be relocated downstairs to a safe office, Bradley denied Prevost. This action was not taken in good faith, as the (City) failed to take reasonable steps to mitigate the risk. The Disabled Plaintiff fell on June 10, 2021. Even after the fall, the Plaintiff was not moved, due to the wet carpet from the leaky roof. Related to disability discrimination, failure to provide by revoking accommodations, and personal injury caused by dangerous conditions on government property. Under Title I of the Americans with Disabilities Act (ADA), the City of Houston, as a covered public employer, is prohibited from discriminating against qualified individuals with disabilities. Failing to provide reasonable accommodation despite being aware of the Plaintiff's limitations and needs, and retaliating against the Plaintiff for engaging in protected activities under the ADA, including requesting accommodation and complaining about discrimination. In addition to the federal claims, there are claims for injuries resulting on public premises. The Plaintiff was subjected to an unreasonably dangerous condition on City-controlled property. Despite the Doctor's certification on file with the Defendant for 6 years, City officials, including one or more supervisors' decision-makers, such as "Bradley," and other managers, had actual knowledge of both the dangerous condition and the Plaintiff's disability-related needs. As a direct result, the Plaintiff suffered physical injury, emotional distress, and economic loss. The Plaintiff respectfully submits that the Defendant's conduct constitutes a violation of federal civil rights law and actionable negligence under state law, entitling the Plaintiff to compensatory damages, injunctive relief, attorney's fees, and any other relief the Court deems just and proper. ROA- **Vol 667602 ROA** -Page 189-194 of 37, 0*Inc.*, 530 U.S. 133 (2000) and *Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993). **Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000)** The Supreme Court ruled that if a plaintiff proves a prima facie case of discrimination and shows the employer's explanation is false, a factfinder may infer intentional discrimination.

26

The Court stated that disbelieving the employer's explanation, combined with the prima facie case, can establish intentional discrimination.

**Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993)**

Outcome: The Supreme Court held that a Title VII hostile work environment claim does not require proof of psychological injury. It is enough for the harassment to be objectively hostile or abusive, as perceived by a reasonable person and subjectively by the victim. The District Court's requirement for evidence of psychological harm was incorrect, leading to its judgment in a "close case." The Supreme Court reversed and remanded. *ROA Vol 667602 page 234-235 of 370, ROA Page 257 – 258 of 370,* ROA Page 260-263 of 370, ROA Page 260-263 of 370, ROA page 266-267 of 370,ROA 268-269 of 370; ROA Page 270-271; ROA 272-278 of 370, ROA 278-281of 370, ROA 282-287 of 370 ROA Page 189-194 of 370

**The Word of the Lord God:** Proverbs 29:7 "The righteous care about justice for the poor, but the wicked have no such concern."

**Evidence:** emails, letters, Dr. reports, complaint forms from other employees, affidavit

**11. Ignoring workplace sabotage and evidence destruction of appellant's deleted government emails/documents by the Appellee, City of Houston administrators.**

The Court disregarded Workplace **Harassment and retaliation of** Sabotage and Evidence of Destruction of Appellant's government emails/documents. Appellant provided supporting evidence documentation to the Southern District Court, Houston Division, that the official Plaintiff's government emails and Plaintiff's City documents were altered or deleted in retaliation for Plaintiff filing a grievance. These

potentially implicating *spoliation* and criminal statutes, including **18 U.S.C. §§ 1503, 1505, 1512(c), 1519**, <span style="color:red">ROA</span>

**Word of the lord: James 2:4** *"Have you not made distinctions among yourselves and become judges with evil thoughts?"*

**Evidence:** emails, letters to two mayors, City of Houston Cyber Chief, FBI email, Report to City of Houston information technology, report of administrator had full access to Plaintiff's profile, and response.

## 12. Failure to Consider Findings by the Office of Inspector General (OIG) for Discriminatory Environment.

The Court disregarded relevant findings from the OIG substantiating claims of systemic Environmental discrimination from the City of Houston Deputy Director Nickea Bradley, an African American woman. In the area of Reverse Racism**,** Discrimination based on being White, Black, women, religions, and sincerely held Sexual Orientation Protects LGBTQ+ individuals/ Gender Identity. Age (40 or older) Applies only to employees/applicants aged 40+. Disability: Physical that substantially limits major life activities, based on protected characteristics. ***ROA Vol 667602 page 234-235 of 370, ROA Page 257 – 258 of 370,*** ROA Page 260-263 of 370, ROA Page 260-263 of 370, ROA page 266-267 of 370,ROA 268-269 of 370; ROA Page 270-271; ROA 272-278 of 370, ROA 278-281of 370, ROA 282-287 of 370 ROA Page 189-194 of 370.**Evidence: OIG employee complaint forms, employee affidavit, OIG, Dr Report**

**Word of the Lord God: Ecclesiastes 12:14** "For God will bring every deed into judgment, including every hidden thing, whether it is good or evil."

**13. Improper Dismissal Despite Exhaustion of Appellant's Administrative Remedies**

**Appellant** properly exhausted all administrative remedies through **Evidence:** emails to managers, letters to two mayors, former Turner, current Mayor  Whitmire, HR reports, FBI email, Directors George Buenik, Grievance committee hearing report, etc., City of Houston Cyber Chief Chris Mitchell, IT Director Lisa Kent, Michael Davis  FBI email, Report to City of Houston information technology, report of, administrator had full access to **Appellant** profile. Vlad Ibarra, supervisor.  , OIG, EEO, EEOC, new OEM Nothing was done.

 **Word of Lord God:** *Isaiah 10:1-2 Woe to those who make unjust laws, to those who issue oppressive decrees, to deprive the poor of their rights and withhold justice from the oppressed of my people, making widows their prey and robbing the fatherless.*

**14. Denial of Plaintiff's Due Process Rights**

The handling of dispositive motions, the doctor's evidence exclusion of Plaintiff's evidence, and the acceptance of demonstrably false evidence from Defendant City of Houston violated Plaintiff's constitutional rights to **due process** under the **Fifth and Fourteenth Amendments**.Reversal by the District Judge: If a magistrate judge makes a legal error, ignores evidence, or shows bias, the district judge rejects their recommendations or reverses their rulings. This happens through Rule 72

objections or appeals. In *McClelland v. Astrue*, the district judge rejected the magistrate's ruling for ignoring medical evidence.

**Lord Gods Word:** *Isaiah 10:1–2 (AMPC) 1 Woe to those [judges] who issue unrighteous decrees, and to the magistrates who keep causing unjust and oppressive decisions to be recorded,2 To turn aside the needy from justice and to rob the poor of My people of their rights, so that widows may be their spoil and that they may make the fatherless their prey!*

**Evidence: Doctor reports, diagnosis for injuries,**

**15. Judicial Bias and Failure of Magistrate to Recuse (28 U.S.C. § 455)**

Magistrate Judge Christina A. Bryan presided over this matter for approximately two years despite a prior judicial relationship with the same Defendant, City of Houston attorney At, under a contract # 2009- 0327 ordinance with the Defendant/Appellee City of Houston in a related case. This created a reasonable perception of bias, triggering mandatory recusal under *28 U.S.C. § 455(a)*. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). In proper communication ex parte communications, failure to disqualify, the Magistrate Judge ordered the Plaintiff not to file any motions before the status conference. However, there was no similar order issued for the City of Houston. As a result, the Defendant, City of Houston, was able to file a motion for a Protective Order to allow all legal documents to be submitted to Ms. Marjorie Cohen and Samantha Cobb during the status conference scheduled for October 2, 2024. The City of Houston didn't follow the order and didn't accept the subpoena for discovery request, and the Court never ordered Defendant to submit

to the court order. The court prevented the Plaintiff from filing motions at the Status Conference but allowed the Defendant to Ambush the Plaintiff. The Defendant never provided a Certificate of Service. The Plaintiff and Defendant were scheduled for Docket Call on July 17, 2025, at 1:30 p.m.to present evidence to District Judge Charles Eskridge III, However, one day before Docket Call on July 16, 2025, it was canceled by the Memorandum and remediation by Magistrate Judge Christina Bryan, with no legal basic help the Appellee City of Houston.  Appellant Prevost was ready to go to trial.

## Cases

**United States v. Nixon, 418 U.S. 683 (1974)**
Judicial duty to apply the law and follow precedents. The Supreme Court held No **official, including judges**, ignores the law or binding precedent

**Haines v. Kerner, 404 U.S. 519 (1972)** The Court emphasized that even pro se filings must be considered liberally, and lower courts must **explain their decisions** clearly when dismissing claims.

**Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015)**
**Issue:** The magistrate judge's report was biased and one-sided, failing to consider the plaintiff's civil rights evidence. The district court adopted it, but the **Court of Appeals reversed**, citing unfairness and procedural failure.

**United States v. Rivera–Guerrero, 377 F.3d 1064 (9th Cir. 2004)**
**Outcome:** The appellate court ruled the district judge should have reviewed the issue de novo and remanded the case.

**McClelland v. Astrue, 606 F. Supp. 2d 1327 (D. Kan. 2009)-Issue:** The Magistrate judge failed to notify the district judge about important medical evidence. Plaintiff experienced the magistrate ignoring and misrepresenting medical evidence in a Social Security disability case. **Outcome:** The district court **overruled** the magistrate judge's recommendation and ruled in favor of the plaintiff. In *McClelland*

*v. Astrue*, the district judge rejected the magistrate's ruling for ignoring medical evidence

**Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002)**
**Issue:** A magistrate judge recommended summary judgment after the prose plaintiff didn't respond, but the evidence showed genuine disputes. The appellate court reversed the decision, stressing that district judges must independently evaluate the record, even if the magistrate overlooks issues. The district judge can reject or reverse a magistrate's recommendation if there are legal errors, ignored evidence, or bias. This is done via Rule 72 objections or appeals.

**Evidence: Recusal Doc 76, transcript status conference on October 2, 2024, transcript, September 12, 2024.**

**16 Evidence of Docket Irregularities and Potential Tampering**

The plaintiff raised credible concerns of docket manipulation, potentially implicating statutes including **18 U.S.C. §§ 1503, 1504, 1505, 1512, and 1519**. The Court did not conduct an inquiry or allow discovery to assess this claim, despite Plaintiff's motions raising this serious issue of procedural integrity. **Evidence: Notice of investigation of Docket tampering to the US District Court, Houston Division, and the FBI.**

**17. Bias against Pro Se. Litigants**. Judge Christina A. Bryan promptly responded to the City of Houston, but did not respond to Appellant Valerie Prevost, who represents herself as a.Pro Se litigant. I have noticed that judges and attorneys often respond more quickly to attorneys than to Pro Se litigants. This raises concerns about a culture of Pro Se shaming within the judicial system, where the focus should be on applying the laws fairly and with integrity. Was a ProSe in this country before

32

attorneys? yes, people have represented themselves in court in the United States before attorneys: • **1789:** The Judiciary Act of 1789, signed by President Washington, allowed parties to represent themselves in court. **1948:** Harrison Parker represented himself in a Supreme Court case. **Cases**

**United States v. Nixon, 418 U.S. 683 (1974)**
**Topic:** Judicial duty to apply the law and follow precedents.

**17. Employee Plaintiff/Appellant Valerie Prevost was disabled and did not voluntarily retire but was constructively discharged.**

Prevost Chronic Inflammatory Demyelinating Polyneuropathy (CIDP) is a rare, painful neurological disorder that affects the peripheral nervous system and is characterized by progressive weakness in the body, impaired sensory function, and muscle rigidity. characterized by a heightened sensitivity to stimuli, can set off muscle spasms, nerves, and falls. Immune cells target Prevost body's own healthy tissues by mistake, causing severe abdominal pain and inflammation, which is a severe muscle weakness and nerve damage disorder. The City of Houston has been aware of and approved of Prevost's disability since 2017 in her files. I was approved for a six-year accommodation that allowed my husband to drive me closer to the building for disabled Plaintiff safety. However, this accommodation was revoked when a new manager, Ms. Bradley, who has exhibited discriminatory behavior, was

33

hired in 2020. Appellant filed for retirement paperwork in May 2022, and the Houston Municipal Employees Pension System requires 30- 60 days before receiving her pension which was confirmation by the Houston Emergency Center Human Resources, where Appellant worked. Appellant Prevost was forced to retire due to the pain and suffering of having to walk back and forth from the security gate, and the Defendant City of Houston revoked Appellant Disability's accommodation and never provide alternative to be driven closer to the building under Title I, The City of Houston violated Title I of the ADA Under controlling Fifth Circuit law, an employer may not withdraw an accommodation without engaging in the interactive process or offering a reasonable substitute. See *Chevron Phillips*, *Cutrera*, and *LHC Group*.

The City also failed to remove or accommodate the physical barriers Appellant faced in reaching her work area, including hazardous conditions in the Emergency Operations Center that prevented safe access to her office which continued until August 31 2022, at force retirement by revoking her accommodation and leaving known barriers unaddressed.

Judges legal error by not ordering the City of Houston to turn over the camera footage and the vendor's name who handled the outside gate camera footage of the premises under federal rule 37.

Legal Principle: **Constructive discharge occurs when intolerable working conditions compel resignation** (Burlington Northern & Santa Fe Railway Co. v. White, 2006).

Appellant was constructively discharged when the City of Houston knowingly subjected her, as a disabled employee, to ongoing pain and physical hardship by requiring her to walk long distances to and from the gate after revoking her accommodation, and by forcing her to work in a construction-affected area with a leaking roof and wet carpet. Despite repeated notice, the City failed to correct these hazardous conditions. Appellant also experienced continuous retaliation and harassment from management after asserting her rights. The combined effect of unsafe working conditions, denial of accommodations, and retaliatory treatment made Appellant's working environment intolerable, leaving her no reasonable option but to retire. This constitutes constructive discharge under Title I of the ADA and applicable federal law.

**ROA –vol 66705 page 157-**

**18. Plaintiff's Disability Incident (Gate Access)**. The new manager revoked the accommodation, which violates the Rehabilitation Act of 1973 is a foundational civil rights law that protects individuals with disabilities from discrimination. It's especially important when the employer or program receives federal funding or is a federal agency. The Plaintiff, Valerie Prevost, was discriminated against based on

Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act Amendments Act of 2008 (ADAA) Title I. For six years, the City of Houston approved accommodation for the Plaintiff's mobility needs due to her disability, as facilitated by her supervisor, Melanie Bartis, Manager of the Office of Emergency Management, and David Cutler, Director of the Houston Emergency Center. The Plaintiff had a medical report on file for 6 years supporting these accommodations. However, on September 23, 2021, Joe Laud, the HEC manager, revoked the Plaintiff's access to the front gate that would allow her husband to be driven closer to the building. Instead, he forced her to walk to and from the security booth, disregarding her approved accommodation and approval by Robert Mock Director Joe Laud's boss, after the gate breach. Her husband, who is also her caregiver, this accommodation was unjustly revoked. Former Deputy Director Nickea Bradley influenced several managers, including Joe Laud, fostering a discriminatory environment consistent with the "CAT's Paw Theory."(Supreme Court 2011) When the Plaintiff became disabled in 2017, Mr. Laud never bothered the Plaintiff under Joe Laud's prior management, David Cutler, his boss. Until Nickea Bradley was hired in 2020, the security gate frequently changed its policies, a practice that had persisted for years. This was another tactic to stop Appellant Prevost from being driven through the gate. Mr. Laud did not grant Plaintiff access even after all requests were met, and all required documentation was submitted by Chris Newsom,

36

Supervisor for Allied Security. Joe Laud told Chris Newsom, "until further notice" (email, he was not trying to let my husband back through the gate for my safety). Joe Laud continued to deny the Plaintiff and her husband entry through the gate. COH Policy 3-34- Accommodation 5.1.2 It need not be mandatory in all situations, such as a minor request or a self-evident disability. However, the Emergency Center manager unlawfully prevented her from being driven through the gate, according to COH policy 100-4 that was for all employees. Able-bodied employees were approved under Joe Laud, policy 100-4, and disabled Prevost was not, after countless requests. When it was apparent that Joe Laud, Houston Emergency Manager, wouldn't approve, Prevost was forced to suffer tremendous pain and painful neurological disorder that affects the peripheral nervous system and is characterized by progressive weakness in the body, making walking to and from the gate unbearable. (Constructive discharge)

The Appellee/ Defendant City of Houston's negligent decision caused Valerie to fall a second time, were Ambulance was called, and 4 fireman had to help Prevost up from the concrete. Prevost injured herself on October 8, 2021. Prevost fell on concrete after being prevented from being driven closer to the building. Prevost has muscle weakness, painful nerves, and muscular issues, which make walking to and from the gate difficult and almost impossible for her. The new injuries were certified by her doctor and neurologist (Faiz Fayaz reports), and this was confirmed by her physical therapist ( Darren Leatherwood report). The fall report created new injuries. Appellee/ Defendant City of Houston position statement to the EEOC, the Defendant

City of Houston claimed that the Plaintiff never provided any medical information to get back into gate access after it was unlawful revoke, despite the fact that the Plaintiff/ appellant already had six years of medical Dr. certification records of her disability on file and approved with the Defendant City of Houston/ Appellee. This retaliation by Manager Joe Laud against Prevost following former Deputy Director Nickea Bradley's departure from the City of Houston. Prevost's gate-access requirements were repeatedly changed, unlike those of any other employee. For example, she was asked to provide her husband's ID even though it had already been submitted to the Director's Office and the Security booth under 100-4. In addition, Joe Laud requested Prevost's own Driver's License ID even though she had a security badge for the location —along with all employees working at 5320 North Shepherd, Houston, Texas 77091—had already been issued official City of Houston employee identification cards. Non-Access continued until August 31,2022 which was 120 days of the EEOC charge. If this was true, what the "City said bout Prevost and her husband? Why didn't Judge Christina A. Bryan order the City of Houston to provide outside Camera footage for gate access under Rule 37 for the appellant's motion to compel, which was denied? Judge Christina A. Bryan helped the Appellee /City of Houston not to provide camera footage or the name of the vendor that would show Appellant Prevost and husband from 8 am coming and 5 p.m. going. Appellee /City of Houston reviewed the camera footage. If Christina A. Bryan had ordered under federal discovery law 37, the City would have provided it and this would contradicted the City's present argument. After two falls on July 10, 2021, and October 8th 2021, due to the Appellee City of Houston Appellant/plaintiff became 100% disabled because of new injuries and can no longer work. **ROA Volume 667606 page 385-399, volume 667607 page 2-12, page 14-21**

38

**Evidence:**  appellant's motion to compel, Judge Bryan's order.– **P**olicy 100-4, email of approval, Approval from Defendant City of Houston FMLA for 6 years, email of approval, witness affidavit, Defendant City of Houston Position Statement to EEOC, medical professional confirmation of injuries from falls, this negligence caused Prevost to become 100%, otherwise Appellant would have been still working.

## 19. Plaintiff/Appellant Addressed all Administrative Remedies

**Plaintiff/appellant** undertook every reasonable and available step to exhaust administrative remedies before pursuing further action. **Plaintiff/appellant Prevost** repeatedly reported concerns through all established channels, including management, Director George Buenik of OEM-HEC, and OEM managers. OIG, the Office of Inspector General(OIG), at least seven employee formal complaints COH policy violations of Race against white employees, age, sexual orientation, religion, and disability, including **Plaintiff/Appellant Prevost**  formal complaints against Nickea Bradley and other managers Vlad Ibrra, Mark Rayne, Joe Laud, and Robert Mock in OEM and HEC under her and documented responses), Human Resources, IT Chief Chris Mitchell, IT Director Lisa Kent, IT HEC Chris Taylor, David Reyes, IT OEM Hamilton Howard, IT Michelle Dunn. Report to IT department, the **Appellant Prevost** Grievance Committee HEC Deputy Director Robert Mock, the , the FBI Fusion Center at HEC, and former Mayor Turner and current Mayor Whitmire. In addition, the **Plaintiff/Appellant Prevost** filed an EEOC complaint, supplied extensive documentation—including emails and an employee affidavit— and received an EEOC Right-to-Sue letter. These steps demonstrate that the employee diligently pursued every available internal and administrative remedy before escalating the matter further.

## Cases and Laws

**Major Cases on Exhaustion of Administrative Remedies**
General principle: to "exhaust administrative remedies," a person must use every procedural step available. Held that filing an EEOC charge is a mandatory requirement

*Fort Bend County v. Davis*, 139 S. Ct. 1843 (2019)
*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)
*Strothers v. City of Laurel*, 895 F.3d 317 (4th Cir. 2018)
*Crawford v. Metro. Gov't of Nashville*, 555 U.S. 271 (2009)
*.Fierro v. City of El Paso*, 220 F.3d 541 (5th Cir. 2000)
Employee: Officers won on several claims; strong evidence supported discriminatory practices. Impact: Municipal employers can be liable under Title VII and §1981.
*City of Houston v. Levingston*, 221 S.W.3d 204 (Tex. App.—Houston 2006). Employee won a discrimination case
*Faragher v. City of Boca Raton*, 524 U.S. 775 (1998)-Employee WON; the city was liable for creating a hostile environment and not enforcing anti-harassment policies
*Ellerth v. Burlington Industries*, 524 U.S. 742 (1998)-Even without firing or demotion, a supervisor's harassment can make the city/employer liable.
**Statues**- Title VII (discrimination & retaliation)- ADA- ADEA-42 U.S.C. § 1983 (constitutional violations by city employees)-42 U.S.C. § 1981 (race discrimination; no EEOC filing required) First Amendment protections (limited by Garcetti)

## Appellant /Prevost Legal Argument

Supreme Court precedent establishes that employees are protected from retaliation for reporting wrongdoing, participating in internal investigations, or challenging unequal treatment. Public and municipal employees are protected when supervisors retaliate by altering access, job duties, or conditions of employment, or when internal complaints lead to further adverse actions. Courts have consistently ruled in favor of employees where retaliation is shown through inconsistent treatment, shifting requirements, supervisor misconduct, or failure to follow established procedures.

## 20. PREVOST'S APPELLANT'S BRIEF SATISFIES THE FEDERAL RULES OF APPELLATE PROCEDURE AND THE LOCAL RULES OF THIS CIRCUIT.

### Appellant ARGUMENT

**I. Appellee's Assertion That the Fact Is Not Supported by the Record Is Incorrect**

Pursuant to FRAP 28(c), Appellant submits this reply to address Appellee's arguments and to correct material misstatements regarding the Record on Appeal. Appellee incorrectly asserts that the fact at issue is not supported by the record. This assertion is demonstrably false.

The evidence Appellant relies upon is contained in the Record on Appeal. Specifically, the referenced exhibit was filed in the district court.   Appellant's Motion for Summary Judgment and is properly part of the appellate record. –. The district court docket reflects the filing of this exhibit, and Appellee did not successfully move to strike it. Accordingly, Appellee's contention that the record lacks evidentiary support is inaccurate.

Under FRAP 10(e), the purpose of the record is to ensure that it "truly discloses what occurred in the district court." Here, the record already contains the cited exhibit; Appellee's argument improperly attempts to exclude evidence that is already part of the Record on Appeal.

---

**II. The Exhibit Was Properly Filed and Is Part of the Record  on Appeal**

Exhibits were submitted with Appellant's Motion for Summary Judgment and is referenced in the motion itself. Appellant's factual evidence Motion for Summary Judgment should be approved. The exhibit includes the relevant documentation supporting Appellant's factual assertions and was before the district court at the time it ruled.

Because the exhibits were filed, docketed, and considered by the district court, it is properly included in the Record on Appeal.   FRAP 10(a). Appellee's claim to the contrary is unsupported and should be rejected. The appellant's factual document is supported by the 5th Circuit Court of Appeals , which was transferred by the U.S. Southern District Court - Houston Division.

---

**III. Appellee's Objection to Appellant's Pro Se Certification Is Meritless**

Appellee further objects to Appellant's pro se certification. This objection lacks legal and factual support. Pro se litigants are permitted to certify their own filings, and nothing in the Federal Rules prohibits such certification.

The certification at issue appears in the Record on Appeal. Appellee identifies no authority invalidating a pro se litigant's certification, nor any defect in the certification itself. Courts routinely accept certifications executed by pro se parties, and Appellee's argument amounts to a procedural distraction rather than a substantive challenge.

---

### Appellant Argument

Because the challenged exhibit is part of the Record on Appeal and Appellant's certification is valid, Appellee's arguments fail. The Court should disregard Appellee's mischaracterization of the record and consider the evidence as properly before it.

**21.. Magistrate Judge Christina A. Byran should have recused herself from this case and Why:**

Plaintiff, Valerie Prevost, proceeding pro se, respectfully files this objection for ECF:133 file on June 16, 2025, one day before the Docket call. Plaintiff Valerie Prevost, pro se, was ready to meet directly with Hon. District Judge Charles Eskridge to present factual evidence at the docket call. with Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's Order Memorandum and Recommendations ECF: 125 entered on May 20, 2025, which denied the violation of the federal rule of law. The plaintiff filed objections to the Memorandum and Recommendation ECF: 126 on May 29, 2025, the Plaintiff's concerns regarding document tampering and unauthorized docket access.

1. **Judicial Misconduct** Under 28 U.S.C. § 455(a) & (b), you can move to disqualify a judge or magistrate whose impartiality "might reasonably be questioned," especially due to their prior work with the defendant (City of Houston) Plaintiff Valerie Prevost under (ECF: document 76, amended 5 of 26 was removed from 76, There was an original with Recusal of 144 and document amended 455 with 196 pages. Complaint about Judicial Misconduct Case by Magistrate Judge Christina A. Bryan, Case No. 4:23-cv-04115; Valerie Prevost v. City of Houston. In the United States District Court, Southern District of Texas, Houston Division.

2. **Rule 37 violation:** Magistrate Judge Christina A. Bryan mishandled discovery sanctions has overstepped; non-dispositive matters subject to objection under Rule 72(a). for the following reason:

   (a).(ECF 56); plaintiff compels production ( outside camera footage, name of vendor who handled the camera, inspection of premises, document, answering

interrogatories, City of Houston violated Magistrate Judge Christina A. Bryan's Protective Order (ECF 63), (ECF 64) by not excepting subpoenas. Magistrate Judge Christina A. Bryan ORDERED that the parties must engage in mediation within 30 days following the Plaintiff's deposition. The Defendant, City of Houston, has blatantly failed to comply with this order. The judge's decision to change and extend the deadline without any legal basis in favor of the City of Houston is unacceptable. The City of Houston, as the defendant, missed a court order and provided no justification for their failure, yet the judge still granted them an extension or relief. This situation seriously undermines judicial fairness and impartiality, and it cannot be ignored. Under **Rule 6(b)(1)(B)** of the Federal Rules of Civil Procedure, a party *must* show "**excusable neglect**" to get an extension after missing a deadline. If no reason was given, and the judge still granted relief:

- **Abuse of discretion**, Magistrate Judge Christina A. Bryan has a pattern of favoring the City of Houston.
- **Indicative of bias,** Magistrate Judge Christina A. Bryan has been the subject of an emergency motion for recusal and a judicial complaint filed by Plaintiff Valerie Prevost submitted to the Chief Judge. (See ECF 76).
- Plaintiff Case was harmed by Magistrate Judge Christina A. Bryan's misconduct:
- The plaintiff filed a **motion for reconsideration**.
- Plaintiff filed a **judicial misconduct complaint**.
- Plaintiff filed **summary judgment**- 82, Magistrate Judge Christina A. Bryan's failure to have Additional Exhibits 83,84,85,86, February 06, 2025. Bring it up in a **summary judgment response or appeal**, showing prejudice from the Magistrate Judge Christina A. Bryan's unequal treatment.

(b) Motion to compel judge Christina A. Bryan ignored the motion to compel the City of Houston to produce documents. She never reviewed Plaintiff's motion because she ruled based on the issue of the camera in the "room with the leaky roof and wet carpet." The Judge had to review only the City of Houston documents regarding the cameras, as none of my documents requested cameras for that room. If she had reviewed my motion to compel, it would have shown that my request specifically pertained to the camera outside of the building. There are no cameras in the area with a leaky roof and wet carpet. Additionally, the Judge overlooked the request for the production of the vendor's name responsible for the City of Houston's camera. Judge Christina A. Bryan did not review Plaintiff's motion to compel; otherwise, there would not have been so many legal

errors. There is misconduct and bias that favors the City of Houston, likely due to Judge Christina A. Bryan working as an attorney for nearly 23 years with the law firm Smyser, Kaplan, Veselka, and Craig Smyser, who worked with Attorney Arturo Michel of the City of Houston  Legal under Contract #_2009-0327 as a vendor for them to assist with all legal matters..

(c) Judge Christina A. Bryan ordered Plaintiff Valerie Prevost not to file any motions with no legal reason until the status conference. However, she did not issue the same order against the City of Houston. She favored the City of Houston, which subsequently filed a protective order on October 2, 2024, without informing the Plaintiff, and the Plaintiff was ambushed, and the City" failed to provide proof of service. Judge Bryan granted this Protective order on the same day. If Defendant fails to provide documents in a legal case, the relevant rule is Federal Rule of Civil Procedure 37, which governs discovery, sanctions for failure to cooperate with a discovery request document when required and the case should have been dismissed in favor of Plaintiff Valerie Prevost. The city of Houston has no defense but is getting favorable treatment from Judge Bryan. The plaintiffs possess all the necessary evidence to support and prove her case. The city of Houston and Judge Bryan suppressed Appellant evidence before the trial.

 (d) **Abuse of Power** The plaintiff filed a motion for reconsideration and requested Judge Christina A. Bryan to review her previous order. However, Judge Bryan denied the  Plaintiff's motion, citing legal errors and omissions in her ruling. Judge Bryan exercised her authority without fully reviewing the case. Abuse of Power.

(e) **Bias against Pro Se. Litigants**. Judge Christina A. Bryan promptly responded to the City of Houston but did not respond to Plaintiff Valerie Prevost, who represents herself as a.Pro Se litigant. I have noticed that judges and

44

attorneys often respond more quickly to attorneys than to Pro Se litigants. This raises concerns about a culture of Pro Se shaming within the judicial system, where the focus should be on applying the laws fairly and with integrity. ProSe was in this country before attorneys.

People have represented themselves in court in the United States before attorneys: • **1789:** The Judiciary Act of 1789, signed by President Washington, allowed parties to represent themselves in court. **1948:** Harrison Parker represented himself in a Supreme Court case.

## Cases

**United States v. Nixon, 418 U.S. 683 (1974) Topic** This case underscores that **no official, including judges**, may ignore the law or binding precedent. Judicial decisions must be based on established legal principles and explained with proper reasoning.

**Haines v. Kerner, 404 U.S. 519 (1972)** The Court emphasized that even pro se filings must be considered liberally, and lower courts must **explain their decisions** clearly when dismissing claims. **Relevance:** Reinforces that judges must **provide clear, reasoned decisions**, especially when their rulings go against established standards or dismiss legal rights and laws.

**Ranklin v. McHugh, 804 F.3d 627 (1st Cir. 2015** Magistrate judge's report was biased and one-sided, failing to consider the plaintiff's civil rights evidence. The district court adopted it, but the **Court of Appeals reversed**, citing unfairness and procedural failure.

**Hollis v. W. Academy Charter, Inc., 782 F. Supp. 2d 1330 (N.D. Ga. 2011)**
**Issue:** Magistrate ignored plaintiff's evidence of retaliation in an employment case. The district judge **rejected** the magistrate's recommendation and allowed the case to go to trial.

**United States v. Rivera–Guerrero, 377 F.3d 1064 (9th Cir. 2004)**
The Magistrate judge failed to notify the district judge about important medical evidence.
**Outcome:** The appellate court ruled the district judge should have reviewed the issue de novo and remanded the case.

**McClelland v. Astrue, 606 F. Supp. 2d 1327 (D. Kan. 2009)**
**Issue:** Plaintiff claimed the magistrate ignored or misrepresented medical evidence in a Social Security disability case. **Outcome:** The district court **overruled** the magistrate judge's recommendation and ruled in favor of the plaintiff.

**Reed v. Bennett, 312 F.3d 1190 (10th Cir. 2002)** **Issue:** Magistrate judge recommended summary judgment after the pro se plaintiff failed to respond—but the evidence in the record raised genuine disputes. **Outcome:** The appellate court reversed; emphasized

that **district judges must independently assess the record**, even if the magistrate fails to raise issues.

**Reversal by the District Judge-**If a magistrate judge **makes a legal error**, **ignores evidence**, or **shows bias**, the district judge can **reject their recommendations** or **reverse their rulings**. **)**

**Appellant Argument**

Magistrate Judge Christina A. Bryan issued a memorandum and recommendation for summary judgment in favor of the City of Houston, as well as a violation of the Plaintiff's rights for summary judgment, which was filed on February 6, 2025 (ECF 82, 83, 84, 85, 86). This filing included exhibits that were tampered with on the federal docket. Additionally, Magistrate Judge Christina A. Bryan engaged in improper communication with the City of Houston, Ms. Marjorie Cohen, who was a former clerk of the Southern District Court Houston Division involved in this case for two years, and Cohen made it known at the Appellant deposition.

Magistrate Judge Christina A. Bryan has ignored laws and precedents, which is uncommon because a judge typically cannot disregard a law without providing a clear explanation for their reasoning. In this situation, the judge would be violating two rules.

Both state and federal laws stipulate that judges are required to recuse themselves when valid grounds for doing so exist. If a judge fails to recuse themselves under such circumstances, they may face consequences, depending on the situation.

**22. Appellant/Plaintiff's Medical documentation of Disabilities is on file from 2017 to 2022 with the City of Houston. The Appellant fell twice due to the City's negligence and failure to acknowledge the Appellant's disabilities.**

Plaintiff's injuries were submitted to inform the Defendant City of Houston that Plaintiff Valerie Prevost cannot walk long distances due to her weak legs, muscle weakness, nerve pain, muscle atrophy in her lower extremities, and high fall risk. She is unable to stand for extended periods or walk more than short distances without experiencing pain. On June 10, 2021, and October 8, 2021, Plaintiff suffered falls on the concrete outside the building and in the outside of Appellant's office where

big leaky roof and wet carpet ,a construction area due to the negligence of the City of Houston, which has now resulted in additional injuries, including Carpal Tunnel Syndrome, Cervical Radiculopathy, and Lumbar Radiculopathy. Plaintiff's disability was only lower extremity, and is now both upper and lower injuries and is 100% disabled and can no longer work. These medical issues were documented in letters and reports, and neurological tests from Dr. Dwane G. Broussard and Dr. Faiz Fayaz, Neurology, dated August 25, 2022, and the medical information has been on file at the City of Houston from 2017 to 2022. Due to the negligence of the City of Houston.

## Cases

**Brown v. City of Houston, 297 F.3d 384 (5th Cir. 2002) —** *Plaintiff Survived Dismissal. Fifth* **Circuit** reversed dismissal because The City owned and controlled the premises**.** The injury arose from a condition of real property

**Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex. 1984) —** *Plaintiff Won* Texas Supreme Court held: Pre-existing conditions do not bar recovery. Defendants are liable for **aggravation caused by negligence.** The jury decides the extent of aggravation.

Plaintiff's pre-existing lower-extremity disability cannot defeat liability where medical experts documented **new upper-extremity injuries** after the falls.

………………………………………………………………………………………

**Appellant's Argument Dr. Verification of injuries**

**I. Premises Liability Argument (Texas Law)Premises Liability – Negligence of the City of Houston-**The City of Houston owed Plaintiff Valerie Prevost a duty to exercise ordinary care to keep its premises in a reasonably safe condition and to protect invitees from unreasonable risks of harm. This duty is heightened where the property owner has **actual knowledge of a dangerous condition** and of a plaintiff's **known physical limitations**.

Plaintiff suffers from a documented disability affecting her lower extremities, including weak legs, muscle weakness, nerve pain, muscle atrophy, and a high risk of falling. These limitations substantially impair her ability to walk long distances or stand for extended periods. The City of Houston had **actual notice** of Plaintiff's condition through medical documentation on file from **2017 through 2022**.

On **June 10, 2021**, and **October 8, 2021**, Plaintiff fell on unsafe areas of Defendant's property, including concrete walkways and exterior office areas affected by a **leaking roof, wet carpet, and ongoing construction activity**. These conditions constituted unreasonably dangerous hazards that the City of Houston either created or allowed to persist.

Defendant failed to: Repair or remediate the hazardous conditions, Warn Plaintiff of the known dangers, Take reasonable precautions considering Plaintiff's known disability.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered additional serious injuries, including **Carpal Tunnel Syndrome, Cervical Radiculopathy, and Lumbar Radiculopathy**, transforming a lower-extremity disability into a permanent **upper and lower extremity impairment**. Plaintiff is now **100% disabled** and unable to work.

**Word Lord Exodus 23:6 (NIV)** *"Do not deny justice to your poor people in their lawsuits."*

> **Evidence:**

**23. Plaintiff's Medical documentation of Disabilities is on file from 2017 to 2022 with the City of Houston. The Appellant fell twice due to the City's negligence and failure to acknowledge the Appellant's disabilities.**

Plaintiff's disabilities on file were intended to inform the Defendant City of Houston that Plaintiff Valerie Prevost cannot walk long distances due to her weak legs, muscle weakness, nerve pain, muscle atrophy in her lower extremities, and high fall risk. She is unable to stand for extended periods or walk more than short distances without experiencing pain. On June 10, 2021, and October 8, 2021, Plaintiff suffered falls on the concrete outside the building and in the outside of Appellant's office where big leaky roof and wet carpet ,a construction area due to the negligence of the City of Houston, which has now resulted in additional injuries, including Carpal Tunnel Syndrome, Cervical Radiculopathy, and Lumbar Radiculopathy. Plaintiff's disability was only lower extremity and is now both upper and lower injuries and is 100% disabled and can no longer work. These medical issues were documented in letters and reports and neurological tests from Dr. Dwane G. Broussard and Dr. Faiz Fayaz, Neurology, dated August 25, 2022, and the medical information has been on file at the City of Houston from 2017 to 2022. Due to the negligence of the City of Houston.

Cases

Brown v. City of Houston, 297 F.3d 384 (5th Cir. 2002) — *Plaintiff Survived Dismissal. Fifth* Circuit reversed dismissal because The City owned and controlled the premises. The injury arose from a condition of real property

Morgan v. Compugraphic Corp., 675 S.W.2d 729 (Tex. 1984) — *Plaintiff Won* Texas Supreme Court held: Pre-existing conditions do not bar recovery. Defendants are liable for aggravation caused by negligence. The jury decides the extent of aggravation.

Plaintiff's pre-existing lower-extremity disability cannot stop liability where medical experts documented new upper-extremity injuries after the falls.

………………………………………………………………………………………

Appellant's Argument Dr. Verification of injuries

I. Premises Liability Argument (Texas Law)Premises Liability – Negligence of the City of Houston-The City of Houston owed Plaintiff Valerie Prevost a duty to exercise ordinary care to

keep its premises in a reasonably safe condition and to protect invitees from unreasonable risks of harm. This duty is heightened where the property owner has actual knowledge of a dangerous condition and of a plaintiff's known physical limitations.

Plaintiff suffers from a documented disability affecting her lower extremities, including weak legs, muscle weakness, nerve pain, muscle atrophy, and a high risk of falling. These limitations substantially impair her ability to walk long distances or stand for extended periods. The City of Houston had actual notice of Plaintiff's condition through medical documentation on file from 2017 through 2022.

On June 10, 2021, and October 8, 2021, Plaintiff fell on unsafe areas of Defendant's property, including concrete walkways and exterior office areas affected by a leaking roof, wet carpet, and ongoing construction activity. These conditions constituted unreasonably dangerous hazards that the City of Houston either created or allowed to persist.

Defendant failed to: Repair or remediate the hazardous conditions, Warn Plaintiff of the known dangers, Take reasonable precautions considering Plaintiff's known disability.

As a direct and proximate result of Defendant's negligence, Plaintiff suffered additional serious injuries, including Carpal Tunnel Syndrome, Cervical Radiculopathy, and Lumbar Radiculopathy, transforming a lower-extremity disability into a permanent upper and lower extremity impairment. Plaintiff is now 100% disabled and unable to work.

## 24.. Prevost's discrimination continued until August 31, 2022, within the 120 days of the EEOC charge. None of the discrimination are time-barred. Suffer continuously with other managers

Continuing Discrimination and Timeliness Under Federal Law

A. Applicable Law – EEOC Filing Period Under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA), a plaintiff in a deferral state such as Texas has 300 days from the last discriminatory act to file an EEOC charge.

- 42 U.S.C. § 2000e-5(e)(1)

- 42 U.S.C. § 12117(a) (ADA incorporates Title VII procedures)

50

Because Plaintiff filed her EEOC charge within the statutory period following the last act of discrimination on August 31, 2022, Appellant's claims are timely.

B. Continuing Violation Doctrine Applies-Discriminatory conduct that is ongoing and cumulative in nature constitutes a continuing violation, and the statute of limitations does not begin to run until the last discriminatory act occurs.

Controlling Supreme Court Authority

**National Railroad Passenger Corp. v. Morgan, 536 U.S. 101 (2002)**
**The Supreme Court held** that a hostile work environment and ongoing discriminatory conduct are different.

**Celestine v. Petroleos de Venezuella SA, 266 F.3d 343 (5th Cir. 2001)-**The Fifth Circuit held that discrimination involving repeated conduct, different supervisors, and ongoing conditions qualifies as a continuing violation.

**Prayer for Relief**

For the foregoing reasons, Appellant Valerie Prevost respectfully requests that this Court reverse the Appellee Summary Judgment and grant Appellant Summary Judgement below, and award compensatory damages for humiliation, injury, reputational harm, and out-of-pocket medical expenses; grant equitable relief back pay; costs under Title VII, the ADA, the TCHRA, and other applicable law; order injunctive relief requiring the City of Houston.

Respectfully Submitted

By  /s/ Valerie Prevost
Appellant Valerie Prevost, ProSe
13538 Forest Gully
Houston, Texas 77067
Vprevost1@yahoo.com
832-297-9379

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing was served by ProSe e-service system and via email e-service on December 21, 2025 on the following counsel of record:

Respectfully submitted,

By  /s/ Valerie Prevost
Appellant Valerie Prevost, ProSe

Correct copy of the foregoing was served by ProSe to:

Appellee/ City of Houston

ARTURO G. MICHEL

City Attorney

SUZANNE R. CHAUVIN

Chief, General Litigation Section

Donald B. Hightower

Senior Assistant City Attorney

donald.hightower@houstontx.gov

Samantha Cobb, Assistant City Attorney

Samantha.cobb@houstontx.gov

Marjorie.Cohen.houstontx.gov

CITY OF HOUSTON LEGAL DEPARTMENT

900 Bagby, 4th Floor

Houston, Texas 77002

Telephone: 832.393.6429

Facsimile: 832.393.6259

## Certificate of Compliance

This reply complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) and 27(d)(2)(a) in that it contains 13,680 words. It also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) in that it has been prepared in a proportionally spaced typeface using Microsoft Word in Time 14 point font.

By  /s/ Valerie Prevost
Appellant Valerie Prevost, ProSe